Victor G. Wilson and Violet D. Wilson, Plaintiffs-Appellees, v. National Automobile and Casualty Insurance Company, Defendant-Appellant.

Term No. 59–F–2.

Fourth District.

May 5, 1959.

Released for publication July 16, 1959.

■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

Baker, Kagy & Wagner, of East St. Louis (John M. Ferguson, John D. Bauman, of counsel) for defendant-appellant.

Morris B. Chapman and Horace L. Calvo, of Granite City, for plaintiffs-appellees.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the City Court of Granite City entered upon a verdict in the amount of $2,000, returned by a jury in an action to recover on an insurance policy insuring plaintiffs, Victor G. Wilson and Violet D. Wilson's building against collapse. The collapse of the building was caused when a portion of the basement dwelling collapsed following an unusual and excessive amount of rainfall on June 14, 1957.

The only issue before the Court is to determine whether or not "surface water" resulting from severe rainfall is within the meaning of the words, "flood, inundation, or high water." The insurance policy expressly excluded damage resulting from flood, inundation, or high water, from the coverage of the policy. The defendant's contention on appeal is that the Court, as a matter of law, should have found that standing water resulting from the deluge on June 14, 1957, came within the exclusion clause of the insurance policy, and that the cause should not have been submitted to the jury. The plaintiffs on appeal contend that the term "surface water" as applied to insurance policies had been judicially defined and is not within the exceptions in the exclusion clause.

36

 The general rule of construction applicable to determination of coverage of insurance policies is that such policies be construed liberally in favor of the insured to the end that the insured is not deprived of insurance for which he had paid, except where the policy clearly, definitely, and explicitly requires it (Schmidt v. Equitable Life Assurance Society of the United States, 376 Ill. 183). Courts have also determined that where an insurer relies upon certain exclusions as a defense, the insurer has the burden of showing that the loss claimed is within such exceptions (Goldfarb v. Maryland Casualty Co., 311 Ill. App. 568). It is pointed out that the term "surface water" has been considered and determined to be something wholly distinct from the term "flood" (Goldfarb v. Maryland Casualty Co., supra). It is also pointed out that the normal dictionary definition of "inundation" refers to an overflow of waters coming out of their bed.

In a case construed in another jursidiction (Poole v. Sun Underwriters Insurance Co., 65 S. D. 422, 274 N. W. 658, a water loss to a motor vehicle was being considered. The exclusion clause in that case prohibited recovery if loss occurred from water resulting from "rain, sleet, snow, and flood." In that case a severe rainstorm took place. The rain caused surface waters to accumulate and such water got into the basement where the car was parked. The Court in that case stated that it was quite clear that the heavy rain that fell, after it reached the ground was no longer rain, but became surface water, and falls within that classification of water which is known as surface water and therefore was not excluded under the terms of the policy's exclusion clause. The Court also pointed out that surface water was water on the surface of the ground without a defined source, of a

temporary and limited nature, so as not to constitute a stream.

The defendant, if it intended to exclude damage from surface water, could readily have included such term in the policy. We must conclude, therefore, that the Court below properly construed the exclusion clause and correctly determined that such clause did not prevent recovery in the instant case.

Defendant makes some point of the fact that the Trial Court abused its discretion in denying a motion for continuance. There is nothing in the record to show that the defendant complied with the Statutory requirement showing a reasonable excuse for delay, and in the state of the record we can hardly determine that the Court's ruling constituted an abuse of discretion. We must assume that the Court normally would make every effort to accommodate Counsel and litigants consistent with the best interests of all parties.

Questions were also raised as to instructions which were predicated on defendant's theory of the applicability of the exclusion clause, and such instructions were therefore properly refused.

It is obvious that the collapse resulted from surface water and that the exclusion clause, which must be strictly construed against the insurance company, did not by definition exclude surface water, and that consequently there was no basis for a conclusion that the policy by its terms excluded recovery under the facts shown by the record.

The judgment of the City Court of Granite City will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J., concurs.