Geneva Miller, Plaintiff, v. Madison County Mutual Automobile Insurance Company, a Corporation, Defendant.

Gen. No. 64-F-7.

Fifth District.

March 2, 1964.

Meyer & Meyer, of Belleville, for appellant.

Burton C. Bernard, and Joseph R. Davidson, of Edwardsville, for appellee.

WRIGHT, JUSTICE.

This is an action on a contract of insurance brought by the plaintiff, Geneva Miller, against the defendant, Madison County Mutual Automobile Insurance Company, to collect a $25,000 judgment in favor of the

plaintiff against one Bonita M. Sparks. Defendant filed a motion to dismiss the complaint and the trial court granted the motion and dismissed the complaint, and entered a judgment that plaintiff take nothing by her suit and that defendant go hence without day. Plaintiff appeals from this order.

The complaint alleges that on August 7, 1957, the defendant issued and delivered to Thomas E. Miller, 111 East Fourth Street, Hartford, Illinois, its policy of insurance, No. RP16154590, covering a 1957 Chevrolet automobile; that on December 10, 1957, while the policy was in full force and effect, Bonita M. Sparks was driving the said 1957 Chevrolet with the permission of Thomas E. Miller on U. S. Highway No. 66 in St. Louis County, Missouri; that at the time and place plaintiff was a passenger in said automobile which was involved in an accident and plaintiff was seriously injured; that on October 8, 1958, the plaintiff brought suit against Bonita M. Sparks in the Circuit Court of the City of St. Louis, Missouri, charging Bonita M. Sparks with negligent conduct in the operation of the 1957 Chevrolet; that Bonita M. Sparks demanded that the defendant defend said suit and that defendant refused to participate in the litigation; that the suit was called for hearing on March 14, 1960, and after hearing evidence, the Circuit Court of the City of St. Louis entered a judgment in favor of the plaintiff against Bonita M. Sparks in the sum of $25,000 and costs; that the defendant had the duty to defend the said Bonita M. Sparks and is liable for the damages recovered, and that defendant has failed and refused to defend the said Bonita M. Sparks or to pay the amount of the judgment entered against her.

Defendant's motion to dismiss the complaint, supported by an affidavit, stated that on December 10, 1957, plaintiff was married to Thomas E. Miller and resided with Thomas E. Miller at 111 East Fourth

Street, Hartford, Illinois, and that plaintiff was the natural mother of Bonita M. Sparks.

The question presented on this appeal is whether or not the insurance afforded by Coverage (c) in the policy applies to injuries sustained by the plaintiff, who was admittedly the wife of the named insured, and residing in his household at the time of the alleged injury.

The provisions of the policy pertinent to the question here presented are:

## "INSURING AGREEMENTS

"I COVERAGE C—BODILY INJURY LIABILITY. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. . . .

"II DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS—It is further agreed that as respects the insurance afforded by this policy,

"(a) Under Coverages C and D the company shall

"(1) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof; even if such suit is groundless, false or fraudulent; . . .

"III DEFINITION OF 'INSURED.' The unqualified word 'insured' wherever used in Coverages C and D and other parts of this policy, when applicable to such coverages, includes not only the named insured, but also any person while

415

operating the automobile, provided the operation of same is with the express or implied permission of the named insured.

"The insurance provided by this section does not apply under Coverages C and D.

"(a) for injuries to persons or property suffered by any person who at the time of said loss or injury, is an insured hereunder, or is a member of an insured's immediate family, or who resides in the same household with any insured, or who is employed by any insured." . . .

Exclusion (e) contained in the exclusions in the policy is as follows:

"(e) coverages C and D for injuries to persons or property suffered by any person who, at the time of said loss or injury, is an insured under this policy, or a member of an insured's immediate family or who resides in the same household with any insured or is employed by any insured." . . .

Plaintiff contends that the language used in Insuring Agreement III and Exclusion (e) in the policy is ambiguous and that coverage for the injuries received by plaintiff is not excluded by Insuring Agreement III and Exclusion (e). In support of this contention, plaintiff cites and relies on State Farm Mut. Automobile Ins. Co. v. Madison, 11 Ill App2d 206, 136 NE2d 533 and Seaman v. State Farm Mut. Automobile Ins. Co., 15 Ill App2d 537, 146 NE2d 808. The language used in the policies involved in those cases and which is pertinent to the question in the instant case is as follows:

"I. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or

disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"III. Definition of Insured. With respect to the insurance for bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. . . .

"VIII. . . .

"This policy does not apply: . . .

"(e) Under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; *or to the insured or any member of the family of the insured residing in the same household as the insured.*" (Emphasis ours.)

The court in those cases construed Exclusion Clause (e) as referring to and limited to claims under the Workmen's Compensation Act, and concluded that "any other construction would nullify the 'Definition of Insured,' clearly set out in Paragraph III, and render the language of the definition meaningless."

■ When interpreting an Insuring Agreement in an automobile liability insurance policy, the primary function of the court is to effectuate the intention of the parties as expressed by the words implied in the contract, and in so doing the court must construe the policy as a whole. General Accident Fire & Life Assur. Corp. v. Brown, 35 Ill App2d 43, 181 NE2d 191.

The rule relating to the construction of insurance policies has been stated often by our reviewing courts.

It is summarized in Mosby v. Mutual Life Ins. Co. of New York, 405 Ill 599, 92 NE2d 103, as follows:

"Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured."

This is a sound rule and recognizes the realities of the transaction, that is, that the provisions of an insurance policy are not the product of negotiations between insurer and insured, but are written by the insurer and submitted for acceptance without change. The contract, however, becomes that of the parties and from it we must find what is meant by the language therein used.

However, the rule of liberal construction of insurance policies in favor of the insured as summarized in Mosby v. Mutual Life Ins. Co. of New York, supra, must yield to rules of reasonable construction, and the rule construing ambiguous provisions strictly against the insurer will not permit perversions of plain language to create an ambiguity where none in fact exists. Policies must be construed according to the sense and meaning of the terms used and if the language is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. Thompson v. Fidelity & Cas. Co. of New York, 16 Ill App2d 159, 148 NE2d 9; Maryland Cas. Co. v. Holmsgaard, 10 Ill App2d 1, 133 NE2d 910.

In the instant case, the unqualified word "insured" is clearly defined in Insuring Agreement III, Definition of Insured, wherever used in Coverage (c) and other parts of the policy when applicable to such coverage to include the named insured and any person operating the automobile with the permission of the named insured. Unquestionably, the unqualified word "insured" where used in the exclusionary language and in the language limiting coverage includes the

418

named insured. There is no language in the policy to indicate otherwise.

The language used in Exclusion Clause (e) of paragraph VIII of the policy in State Farm Mut. Automobile Ins. Co. v. Madison, supra, is not clear and is ambiguous. The language was liberally construed by the court in favor of the insured. Any other construction would have rendered the policy meaningless. Whereas, in the instant case the hazard of loss occasioned by injury is the thing that is specifically and clearly excluded by the limitation in Insuring Agreement III and Exclusion (e). Insuring Agreement III defines the insured as being the named insured and any person using the automobile by permission of the named insured, and it is clear that where the word "insured" is used in the limitation contained in Insuring Agreement III, Definition of Insured and in Exclusion (e), it refers to the persons designated and defined as insured in Insuring Agreement III, Definition of Insured.

We must enforce the policy as written and it is our opinion that the language used in Insuring Agreement III, Definition of Insured the limitation thereto and Exclusion (e) clearly excludes the hazard of loss for injuries sustained by the named insured or any member of the named insured's immediate family, and that there is no ambiguity in the language whatsoever.

It is undisputed in the evidence contained in the record before us that the plaintiff at the time of her injury was the wife of the named insured; a member of his immediate family and residing in the same household with him. It, therefore, follows that the insurance afforded by Coverage (c) in the policy does not apply to the injuries sustained by the plaintiff.

The judgment of the Circuit Court is affirmed.

Affirmed.

DOVE, P. J. and REYNOLDS, J., concur.