**WEST FOOD STORES, INC., Plaintiff-Appellant,**

**v.**

**HARTFORD FIRE INSURANCE COM-PANY, Defendant-Appellee.**

**No. 17524.**

United States Court of Appeals
Seventh Circuit.

Nov. 3, 1969.

John E. Grosboll, Eldon Becker, Knuppel, Grosboll, Becker & Tice, Petersburg, Ill., for plaintiff-appellant.

Alfred F. Newkirk, of Griffin, Winning, Lindner, Newkirk & Cohen, Springfield, Ill., for defendant-appellee.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge and KILEY, Circuit Judge.

CASTLE, Chief Judge.

Plaintiff brought this action[1] on a policy of insurance issued by defendant which covered the personal property and inventory in plaintiff's five food store locations and one warehouse against specific perils, including fire. Plaintiff claimed that the defendant was liable under the policy for the full amount of the loss, $43,676.05, plus $10,919.01 attorney's fees for alleged vaxatious refusal to pay plaintiff's demand. Defendant admitted liability only to the extent of $15,000, and paid that sum into the registry of the court. The district court, upon defendant's motion, held that the plaintiff was entitled to recover only the $15,000, and plaintiff appealed.

The insurance policy in question is of the type known as a "provisional policy of insurance," and differs from most casualty policies in that the coverage effective under the policy and the premiums payable for such coverage, varies from time to time in relation to, and never in excess of, the values of the property insured. Thus, a provisional premium is paid in advance and reports are made to the insurer each month which indicate the actual value of property on the insured premises. At the end of the

---

1. The action was originally filed in the state court, and was removed to the district court by defendant on grounds of diversity of citizenship.

accounting period, the final premium is adjusted to reflect the exact values which have been at risk during the period.[2]

■ The policy issued to plaintiff by defendant contained the following clauses:

## "II. LIMITS OF LIABILITY

Subject to the provisions with respect to this Company's percentage of participation as indicated on the face of this policy, coverage under this form applies to each of the following locations for which a definite amount is specified as a limit and inserted in the blank immediately opposite the location item.

### SCHEDULE OF LIMITS OF LIABILITY

| Limit of Liability for all Contributing Insurance | | Loc. No. | Rate | Street Address, City & State |
|---|---|---|---|---|
| $200,000 | at | 1 | — | 219–225 E. Lincoln St., Petersburg, Illinois |
| $ 15,000 | at | 2 | — | 400 East Washington St., Springfield, Illinois |
| $ 12,000 | at | 3 | — | 105 W. Washington St., Rushville, Illinois |
| $ 12,000 | at | 4 | — | 610 Yates St., Ashland, Illinois |
| $ 12,000 | at | 5 | — | 412 Engle Street, Greenview, Illinois |
| $ 15,000 | at | 6 | — | 619 East Fourth St., Beardstown, Illinois |
| $ | at | | | |
| $ | at | | | |
| $ | NIL | | | at any other location acquired by the Insured for mercantile |

or warehouse purposes if specifically listed and reported in the next report of values following such acquisition as provided in the Value Reporting Clause. If the value is not so reported, no insurance attaches.

## "III. MINIMUM PREMIUM

The minimum premium for all contributing insurance shall be $400.-00 * * *

## "XI. REPORTING PROVISIONS

A. Provisional Amount Clause: The amount of insurance provided for hereunder is provisional and is the amount on which the provisional premium is based, it being the intent of this insurance to insure hereunder the total actual cash value of the property described herein subject to the Limits of Liability for all Contributing Insurance. Any loss in excess of the limits stated in this policy shall be borne by the Insured, notwithstanding the requirement that premium is to be adjusted on the basis of full values reported.

2. Both parties cite Federal Intermediate Credit Bank of Balitmore v. Globe and Rutgers Fire Insurance Co., 7 F.Supp. 56, 58 (D.Md.1934), for a thorough description of provisional insurance.

B. Value Reporting Clause: The Insured shall report in writing to this Company, not later than 30 days after the last day of each calendar month, the exact location of all property covered and the total actual cash value of such property at each location as of the last day of each calendar month. * * *

C. Full Reporting Clause: Liability under this policy shall not in any case exceed that proportion of any loss hereunder which the last value reported prior to the loss, at the location where the loss occurs, bears to the total actual cash value at that location on the date for which such report was made."

———◆———

On June 19, 1967, a fire swept through plaintiff's store in Beardstown, Illinois (Location No. 6), causing $43,-676.05 in damages to inventory and personal property in the store. Plaintiff contends that the policy limited maximum coverage to $266,000 (the total of all the limits of liability specified above) on the basis that

"[t]o hold otherwise is to give the insurer the benefit of five separate limitations while charging one premium. The plaintiff may as well have purchased six (6) separate policies. It would be a unilateral benefit to the defendant to allow it to charge one premium on an inventory worth up to as much as $266,000 in the Beardstown store if the other stores were empty while providing only $15,000 worth of coverage."

Plaintiff argues that the policy is ambiguous and cites numerous cases which hold that ambiguities in policies of insurance are to be construed strictly against the insurer. See Johnson v. Equitable Life Assurance Society, 275 F.2d 315, 318 (7th Cir. 1960).

In Chicago Terminal Clearance, Inc. v. St. Paul Fire & Marine Insurance Co., 407 F.2d 552, 553 (7th Cir. 1969), we recently stated:

"contracts of insurance must be construed as a whole [3] and, where ambiguity exists and the policy is 'fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured.'

Thompson v. Phenix Insurance Company, 136 U.S. 287, 297, 10 S.Ct. 1019, 1023, 34 L.Ed. 408 (1890). However, these well-established rules of construction may be invoked in favor of the insured only if the contract is 'fairly susceptible of two different constructions,' and the court will not strain to find ambiguity where, in fact, none exists. See Farber v. Great American Insurance Company, 406 F.2d 1228, 1230 (7th Cir. February 13, 1969); Miller v. Madison County Mutual Auto Insurance Company, 46 Ill.App.2d 413, 418, 197 N.E.2d 153 (1964); Hawk-eye-Security Insurance Company v. Meyers, 210 F.2d 890, 893 (7th Cir. 1954)."

In the instant case, we find that no ambiguity exists in the policy which would justify a holding in favor of the insured. The policy contains a specific clause limiting insurance liability on each of plaintiff's locations. Further in the policy there appears the statement: "Any loss in excess of the limits of liability stated in the policy shall be borne by the insured, notwithstanding the requirement that premium is to be adjusted on the basis of full values reported."

We find no other language in the policy which contradicts the specific limitations of insurance coverage for each location. The fact that one premium was payable rather than six, does not create an ambiguity where it is clear from the face of the policy that the premium rates for each of the six locations were added to-

---

3. Martindell v. Lake Shore National Bank, 15 Ill.2d 272, 283, 154 N.E.2d 683 (1958).

gether to arrive at a single premium. We hold the district court was correct in finding that plaintiff was entitled to only $15,000 coverage.

■ Plaintiff, on appeal, also contends that it was entitled to $1000 [4] attorney's fees under Ill.Rev.Stat., Ch. 73, § 767, which provides:

"767. Attorney Fees. In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, if the company has brought suit to cancel the policy or policies or refused upon demand prior to the commencement of the action to pay the amount of the loss, and it appears to the court that such suit or refusal is vexatious and without reasonable cause, the court may allow to the party who by the finding of the court or jury is entitled to prevail against the company, reasonable attorney fees, as a part of the taxable costs in the action and in addition to all other costs, but such allowance shall not exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $1,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."

Plaintiff claims that defendant's refusal to pay its demand of $43,676.05— or at least its refusal to pay the $15,000 admitted liability without requiring that such payment be in full satisfaction of plaintiff's claim—was vexatious and without reasonable cause. However, since the defendant was not liable under the policy for more than $15,000, its offer to pay that sum to plaintiff in full

discharge of its liability under the policy—which offer was refused by plaintiff —was neither vexatious nor without reasonable cause. In fact, it was a perfectly valid position. We therefore hold that the district court was correct in refusing to award attorney's fees to plaintiff.

Accordingly, the judgment below is affirmed.

Affirmed.

---

4. Plaintiff's complaint asked for $10,919.01 attorney's fees, but it has reduced this claim to $1000 since the statute provides for a penalty of 25% of the actual fees incurred or $1000, whichever is less.