Donald E. Cohen, Plaintiff-Appellant, v. Northwestern National Life Insurance Company, Defendant-Appellee.

Gen. No. 54,450.

First District.

April 17, 1970.

Domsky and Cohen, of Highland Park, for appellant.

James E. Beckley, of Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellee.

MR. JUSTICE SMITH delivered the opinion of this court.

The plaintiff filed suit on a group insurance policy to recover the sum of $320.55 as reimbursement for medical and hospital bills paid on account of a tonsillectomy performed on his son. Both plaintiff and defendant filed

motions for summary judgment accompanied by appropriate affidavits. Plaintiff's motion was denied, defendant's motion was allowed and plaintiff appeals.

The chronology of events is basically as follows:

7-28-68: Plaintiff and his dependents became insured under a group policy of his employer.

8-9-68: A doctor diagnosed the son's difficulty as tonsillitis and adenoiditis and recommended surgery. It was scheduled for August 21.

8-20-68: The son entered the hospital and surgery was postponed because of a hay fever condition until a later date.

9-1-68: Employer terminated its group insurance policy.

9-18-68: The plaintiff submitted a claim for medical expenses of $15 and hospital expenses of $22.50.

9-27-68: The plaintiff terminated his employment with the employer.

11-25-68: The son's tonsils were removed and a claim for $283 was filed with the insurance company.

Payment was denied on the ground that the $37.50 incurred prior to September 1 was less than the $50 deductible provided by the policy and hence the insurance company owed nothing on those two items. It denied liability on the remainder of the claim on the theory that no surgical or hospital expenses were incurred until after the operation on November 25, 1968, and at that time the group insurance policy was not in force. It is the plaintiff's theory that the obligation for the doctor and hospital expenses in the tonsillectomy were "incurred" on August 9 when the diagnosis was made by the doctor and a determination that surgery was necessary. Thus, he says, his rights vested at that time and the subsequent cancellation of the policy was of no consequence. We do not agree.

16

Two policy provisions and their interpretation control this appeal. The first one reads as follows:

"If, while insured under the policy, an Insured shall *incur* eligible medical expenses as a result of accidental bodily injury or sickness, the Company will, . . . ." (Emphasis supplied.)

The policy goes on to define "eligible medical expenses as follows:

"Eligible medical expenses included under the policy are the *amounts actually charged* to an Insured for the following treatments, services, and supplies, . . . ." (Emphasis supplied.)

In Bartulis v. Metropolitan Life Ins. Co., 72 Ill App2d 267, 218 NE2d 225, we held that under the terms of the policy there issued the liability of the defendant to pay hospitalization and surgery did not arise when the injuries were sustained, but that the obligation under the policy was for the costs of hospitalization and surgery obtained during the life of the policy. When obtained, the policy was not in force. We there stated that the policy was clear and unambiguous and that while we recognized the rule that insurance contracts are construed in favor of the insured, construction does not degenerate into a perversion of plain language to create an ambiguity where none exists or to father a contractual obligation where none is stated or reasonably implied. These comments in our judgment control the decision in this case.

 The term "eligible medical expenses" as used in the policy means "amounts actually charged to an insured." The plaintiff does not claim that there were any amounts charged to him as of September 1, 1968, other than the $37.50 incurred prior thereto which was within

the $50 deductible exemption. When this policy was cancelled no surgery had been performed and no hospitalization as a result of surgery had occurred. Indeed the plaintiff was not "charged" for either of these items until December 9, 1968. There is nothing in this record which infers that the plaintiff had obligated himself by contract to have the tonsillectomy performed nor had he obligated himself by contract for any hospitalization. He most assuredly would have been absolutely free to have had another doctor perform the surgery or have had his son visit a different hospital. In short, there was no obligation "incurred" and there was no "charge" made. Cases cited by plaintiff from other jurisdictions are not in point factually.

■ The plaintiff asserts that this is not a proper case for summary judgment for the reason that there were controverted questions of material fact. In the trial court and in this court he says it was error to enter a summary judgment in favor of the defendant, but that either the trial court or this court should approve a summary judgment in his favor for $320.55. He blows hot and cold on the issue of whether there is a genuine issue of a material fact. It is patent that there is no dispute of a genuine issue of a material fact and that the sole issue was the construction of an insurance contract. The construction of an insurance contract raises a question of law only. Coons v. Home Life Ins. Co. of New York, 368 Ill 231, 13 NE2d 482.

There being no error in the judgment of the trial court, it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.