HOME AND AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, *v.* RICHARD O. SCHARLI, Individually and as Admr. of the Estate of LEE K. SCHARLI *et al.*, Defendants-Appellees.

(No. 55759; )

First District (1st Division)—February 13, 1973.

Ernest T. Koehler, of Chicago, for appellant.

Gerald S. Murphy, of Chicago, for appellees.

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Home and Automobile Insurance Company, sued for a declaratory judgment that the automobile insurance policy it issued to the defendant, Richard O. Scharli, was void *ab initio* and that the policy was, therefore, not in effect on October 14, 1965, when the defendant's car was involved in an accident. The plaintiff contends that defendant made a misrepresentation in his application that materially affected the acceptance of the risk it assumed in issuing the policy. The trial judge found that the wording of the application was ambiguous. As a result of his construction of the language of the application he found that the insurer had failed to prove a misrepresentation by the insured.

The application, Section 9, reads as follows:

"9. Statement of Convictions. Has the applicant * * * been convicted of any of the following motor vehicle violations during the preceding 36 months?

(a) Driving while intoxicated or under the influence of drugs.

(b) Failure to stop and report when involved in an accident.

(c) Homicide or assault arising out of the operation of a motor vehicle.

(d) Driving during a period while license is suspended or revoked.

(e) The accumulation of points under a state point system or a *series of convictions* as a result of which a filing of evidence of financial responsibility is required. (Emphasis added.)

(f) Any other conviction of a moving traffic violation as a result of which a filing of evidence of financial responsibility is required.

(g) Any other conviction of a moving traffic violation as a result of which the operator's license was suspended or revoked."

The defendant answered all the questions in the negative.

The policy covering the family automobile was issued on October 7, 1965, and was to terminate on October 7, 1966. The accident occurred on October 14, 1965. Driving the family automobile was the defendant's son, Lee K. Scharli. Lee, John Kearney, who was a passenger in the defendant's car, and Richard J. Barnicke, the driver of the other car involved, all died as a result of the accident. The defendant's license had been suspended on March 3, 1963, for 30 days. The record does not disclose when the plaintiff discovered this. There is no stenographic report of proceedings before us but rather what has been entitled "Record of Proceedings," prepared by the plaintiff and approved by the trial judge. The Record of Proceedings, which is, in effect, a statement of facts, recites that the defendant testified that his license had been *revoked* during the 36-month period preceding the date of the application. However, the same Record contains the allegation that the trial judge found that the license *suspension* was a result of "three violations." The conflict in the record apparently has been resolved by the statements made in oral argument that the defendant's license had been suspended for 30 days for three traffic violations.

The defendant claims that sub-paragraph 9(g) of the application is ambiguous, that "any other conviction" means a single conviction of an offense like driving under the influence of alcohol or leaving the scene of an accident, rather than a series of convictions. (Ill. Rev. Stat. 1971, ch. 95½, sec. 6A-205, 206.) The plaintiff contends that "any other conviction" includes a "series of convictions" or, at least, means the last conviction of the series that caused the suspension. There is no issue as to the materiality of the representation. *Loving v. All State Insurance Co.*, 17 Ill.App.2d 230, 149 N.E.2d 641.

Insofar as we can determine from the Record before us, the trial court held that the language of the application should be construed strictly

against the insurer and accepted the interpretation that the defendant gave the phrase.

■■ The rule has been pronounced too often to require citation: Where it is possible that the language of an insurance policy is susceptible of two constructions, that construction will be adopted which is more favorable to the insured. Chapter 95½, section 6—205, enumerates the offenses for which a license may be revoked. They include offenses which are not covered in the application, *e.g.*, drag racing. Thus, one could argue that the phrase "any other conviction" referred to some other moving violation listed in the statute not already expressly referred to in the application.

■■ In addition, the application has two separate questions concerning the filing of evidence of financial responsibility. 9(e) inquires about a *"series of convictions* as a result of which a filing of evidence of financial responsibility is required."* (Emphasis added.) 9(f) inquires about *"any other conviction* of a moving traffic violation as a result of which a filing of evidence of financial responsibility is required."* (Emphasis added.) If the insurer's position is correct, then part of question 9(e) is redundant. Meaning and effect should be given, if possible, to every part of a contract including all its terms and provisions. No part of a contract should be rejected as meaningless or surplusage unless absolutely necessary. The reason for the rule is that it is presumed that all the provisions of a contract are inserted deliberately and for a purpose, and that the parties to a transaction did not intend to employ language idly. ILP Contracts, Section 215.

■■ Why then did the insurer speak of both "series of convictions" and "any other conviction" with respect to financial responsibility but only "any other conviction" with respect to revocation or suspension? We must assume that the author of the policy was aware of the distinction between the two phrases and selected them with care and that by including both phrases in his questions concerning financial responsibility and only one concerning revocation or suspension he intended to exclude "series of convictions" from 9(g). We conclude, therefore, that the trial judge's construction of the language of the application and his finding that the applicant had made no misrepresentation were correct.

The judgment of the circuit court is affirmed.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.