RALPH F. VOSS, Plaintiff-Appellee, *v.* ASSOCIATED LIFE INSURANCE COMPANY, Defendant-Appellant.

Fifth District No. 75-55

Opinion filed February 24, 1976.—Rehearing denied March 23, 1976.

Cornelius Thomas Ducey, Jr., of Ducey and Feder, Ltd., of Belleville, for appellant.

Dixon, Starnes, Nester, McDonnell & Stegmeyer, of Belleville (Joseph B. McDonnell, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Associated Life Insurance Company, from a judgment in the amount of $7,200 entered by the circuit court of St. Clair County on a jury verdict in favor of the plaintiff, Ralph F. Voss.

The plaintiff commenced this action by filing a complaint seeking recovery under an insurance policy issued by the defendant. The pertinent portions of this policy read as follows:

"Associated Life Insurance Company, hereinafter called the Company, hereby insures the person named in the Policy Schedule on Page 4 as the Insured against specific losses resulting from accidental bodily injury  *  *  *  or resulting from disease or sickness  *  *  *, subject to all the provisions, exclusions, reductions and riders, if any, as set forth on or attached herein.

*   *   *

PART II LOSS OF TIME DUE TO INJURY

If, within 30 days of the date of the accident, such injury disables the insured so that he is continuously prevented from performing each and every duty of his occupation and the Insured is under the regular care of a physician the Company will pay at the rate of the Monthly Indemnity for Total Disability specified in the Policy Schedule while so disabled, but not to exceed 24 months for any one accident. After the payment of monthly indemnity for 24 months as aforesaid, the Company will continue the payment of such monthly indemnity so long as the Insured shall be totally and continuously disabled and prevented by such injury from engaging in any occupation or employment for wage or profit, but not to exceed an additional period of 36 months for any one accident.

PART III LOSS OF TIME DUE TO SICKNESS

If such sickness disables the Insured so that he is continuously prevented from performing each and every duty of his occupation, and the Insured is under the regular care of a physician, the Company will pay at the rate of the Monthly Indemnity for Total Disability specified in the Policy Schedule for the period during which such disability continues after the expiration of the Elimination Period for Sickness but not to exceed 24 months for any one period of sickness.

   *    *    *

PART IX EXCLUSIONS AND LIMITATIONS

Loss due to hernia, strained or lame back, sunstroke or heatstroke will be considered as loss under the sickness provision of this policy.   *   *   *"

The plaintiff alleged that he had suffered an injury compensable under the 36-month extended provisions of Part II of the policy during a period in which the policy was "in force and effect." The plaintiff further alleged that the defendant had paid the plaintiff the sum of $200 per month for the first 24 months under Part II of the policy.

The defendant responded by filing a motion to dismiss. This motion was denied. The defendant then filed an answer. In its answer the defendant admitted that it had issued an insurance policy to the plaintiff and that it had paid the defendant the sum of $200 per month for a 24-month period "under the provisions of the policy of insurance which it issued the Plaintiff," but denied that the plaintiff's injury was compensable under the 36-month extended provisions of "PART II" of the policy. Attached to its answer was an affirmative defense, wherein the defendant set forth in "PART III" and "PART IX" of the policy. In its

affirmative defense the defendant claimed that "the physical deformity for which the Plaintiff made a claim on the basis of the above mentioned policy is spondylolisthesis and degenerative osteoarthritis of the spine." The cause then came to trial.

After hearing the evidence the jury was instructed on the applicable law. Included with these instructions were three special interrogatories. The first interrogatory asked: "Do you find from the evidence that Plaintiff's condition is the result of an injury sustained in an accident?" The second interrogatory asked: "Do you find from the evidence that the Plaintiff had a strained or lame back during the period of March 15, 1972 to and including July 9, 1974?" The third interrogatory asked: "Do you find from the evidence that Plaintiff is able to engage in the job or occupation of a salesman?" The jury returned a verdict in the amount of $7,200 in favor of the plaintiff and against the defendant. It answered the first two interrogatories affirmatively. It answered the third interrogatory in the negative. After the denial of its post-trial motion the defendant perfected the instant appeal.

One of the contentions raised by the defendant is that the jury's answer to the second special interrogatory, *i.e.*, that the plaintiff had a strained or lame back, is inconsistent with the jury's general verdict and, consequently, the latter should be vacated and judgment entered in favor of defendant. After reviewing the pleadings, examining the provisions of the insurance policy in question, reading the evidence presented to the jury, and perusing the instructions given the jury, we are in agreement with the defendant.

Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 65), provides that "[w]hen the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." The plaintiff acknowledges section 65 of the Civil Practice Act, but argues that:

> "The answer to Interrogatory No. 2 does not exclude every reasonable hypothesis consistent with the general verdict, for the jury might well have believed that plaintiff, after two back operations and extensive medical treatment, did indeed have a 'strained or lame back,' whatever that means, but that he had nevertheless sustained an accidental bodily injury within the terms of the policy and was, by reason thereof, totally and continuously disabled."

The plaintiff further argues that:

> "At best, Special Interrogatory No. 2 did nothing more than seek support for defendant on an evidentiary matter; at worst, it was unsupported by any evidence, did not deal with an ulti-

mate fact issue on which the rights of the parties depended, and invited speculation and conjecture as to its meaning. Since it does not control the general verdict, its disposition is academic."

We disagree.

■■ As stated by the court in *Dawe's Laboratories v. Commercial Insurance Co.*, 19 Ill. App. 3d 1039, 1048, 313 N.E.2d 218, 224-25:

"In considering the language of the policy of insurance, as above quoted, our primary objective must be to ascertain and to give effect to the intention of the parties as therein expressed. Where there is no ambiguity in the policy provision, the intent of the parties 'must be determined solely from the language used.' (*Schek v. Chicago Transit Auth.*, 42 Ill. 2d 362, 364, 247 N.E.2d 886.) In this regard insurance policies must be treated like any other contract and '[w]here the language in a policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense.' (*Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115, 121, 294 N.E.2d 7.) 'The issue of whether an ambiguity exists in a contract is a question of law.' *Gaffney v. Burns Detective Agency*, 12 Ill. App. 3d 476, 480, 299 N.E.2d 540, and cases there cited."

Moreover, the question of the *construction* of an insurance contract presents an issue of law only; it is not submissible to a jury. *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115, 294 N.E.2d 7, 12; *Cohen v. Northwestern National Life Insurance Co.*, 124 Ill. App. 2d 15, 259 N.E.2d 865, 867; *Scott v. Instant Parking, Inc.*, 105 Ill. App. 2d 133, 245 N.E.2d 124, 126.

■■ In the absence of any ruling by the trial court, this court must first examine the policy and, as a matter of law, determine the *extent of the coverage* afforded the insured. Applying the foregoing principles to the language of the policy before us, we conclude, as a matter of law, that the language of this policy is clear and unambiguous. In the context of the facts shown here, it may be read and understood by giving all of the language its plain and ordinary meaning. In situations in which the bodily injury of the insured comprises a "strained or lame back" the insured is limited to coverage under "PART III" of the policy, "LOSS OF TIME DUE TO SICKNESS." It necessarily follows that if the trier of fact determines that the insured's infirmity is a "strained or lame back" the insured is limited to "Monthly Indemnity for Total Disability specified in the Policy Schedule for a period * * * not to exceed 24 months for any one period of sickness." Consequently, if the insured suffers a "strained or lame back" the cause of the condition becomes irrelevant.

Notwithstanding the jury's general verdict in favor of the plaintiff, the jury affirmatively answered the defendant's special interrogatory: "Do you find from the evidence that the Plaintiff had a strained or lame back during the period of March 15, 1972 to and including July 9, 1974." When the jury's answer to this interrogatory is read with reference to the other instructions, particularly the issue instruction offered by the plaintiff, it becomes apparent that the jury, as the trier of fact, found that the basis of plaintiff's claim was a "strained or lame back." After examining the evidence before the jury we cannot say that its categorization of the plaintiff's infirmity as a "strained or lame back" is against the manifest weight of the evidence.

■■ In view of the jury's special finding that the plaintiff's condition was a "strained or lame back," the trial court should have, as requested by the defendant, vacated the jury's general verdict in favor of the plaintiff and entered judgment in favor of the defendant. Under the provisions of "PART II" of the policy the maximum length of payments is 24 months. Since the plaintiff alleged in his complaint that the defendant had completed 24 monthly payments, the plaintiff was not entitled to any further indemnification.

This conclusion makes it unnecessary to consider the other contentions raised by the defendant. While we have discovered some commentary on this court's decision in *Snelson v. Pennsylvania Life Insurance Co.* (1965), 65 Ill. App. 2d 416, 212 N.E.2d 873 (see Annot., 21 A.L.R.3d 1155, 1193, N.6 (1968)), we find that the facts of this case provide an inappropriate forum for any clarification of the position we set forth in *Snelson.*

For reasons set forth we reverse the judgment entered in favor of the plaintiff by the circuit court of St. Clair County and, by the power vested in this court by Supreme Court Rule 366(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 366(a)), we enter judgment in favor of the defendant, Associated Life Insurance Company, against the plaintiff, Ralph S. Voss.

Judgment of the circuit court of St. Clair County reversed. Judgment for defendant, Associated Life Insurance Company, an insurance corporation, against plaintiff, Ralph S. Voss, entered.

JONES and CARTER, JJ., concur.