STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, *v.* WENDY SCHMITT *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 79-2218

Opinion filed March 31, 1981.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Joseph J. Butler, of Chicago (Crane & Norcross, of counsel), for appellees.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, brought this declaratory judgment action to determine its obligation to defend and indemnify defendant Henry J. Kopeika, to whom plaintiff had issued a policy of automobile liability insurance. The court denied plaintiff's motion for summary judgment and granted Schmitt's motion for summary judgment. We affirm.

Defendant Wendy Schmitt is Kopeika's sister-in-law and was allegedly injured in a single-car accident while riding in a car driven by Kopeika. Plaintiff sought a determination that it was not obligated to defend Kopeika in any suit arising out of this occurrence nor indemnify him for any judgment which might be obtained against him by Schmitt. Plaintiff claimed that there was no coverage because of an exclusion provision contained in its liability policy. This provision excludes coverage for bodily injury to any member of the family of the insured residing in the same household as the insured. Plaintiff alleged that at the time of the accident, Schmitt was a member of Kopeika's family and resided in Kopeika's household. The trial court found that the term family, as used in the exclusion clause, did not encompass a sister-in-law, and, therefore, the policy did not exclude coverage to Kopeika for the claims of Schmitt arising from the occurrence.

■■ A motion for summary judgment should be granted if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Libby-Broadway Drive-In, Inc. v. McDonald's System, Inc.* (1979), 72 Ill. App. 3d 806, 809, 391 N.E.2d 1, 3; Ill. Rev. Stat. 1977, ch. 110, par. 57(3). Since construction of an insurance policy presents only a question of law (*Voss v. Associated Life Insurance Co.* (1976), 36 Ill. App. 3d 105, 109, 343 N.E.2d 174, 176; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 121, 294 N.E.2d 7, 11), it is an appropriate issue for determination by means of summary judgment. *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 914, 364 N.E.2d 337, 341.

■■ ■ The primary concern of the court in interpreting an automobile liability insurance policy is to effectuate the intent of the parties as expressed by the contract. In so doing, the policy must be construed as a whole. (*Miller v. Madison County Mutual Automobile Insurance Co.* (1964), 46 Ill. App. 2d 413, 417, 197 N.E.2d 153, 155-56.) Ambiguous provisions in which an insurer seeks to limit its liability are to be construed most strongly against the insurer and liberally in favor of the insured. (*Mosby v. Mutual Life Insurance Co.* (1950), 405 Ill. 599, 607, 92 N.E.2d 103, 107; *Dawes Laboratories, N.V. v. Commercial Insurance Co.* (1974),

19 Ill. App. 3d 1039, 1049, 313 N.E.2d 218, 225.) The rationale underlying this rule of liberal construction in favor of the insured is the recognition that the provisions in an insurance policy do not result from negotiation but are written by the insurer and submitted to the prospective insured for acceptance without change. (*Miller*, 46 Ill. App. 2d 413, 418, 197 N.E.2d 153, 156; see *Canadian Radium & Uranium Corp. v. Indemnity Insurance Co.* (1952), 411 Ill. 325, 332, 104 N.E.2d 250, 254.) Therefore, exclusion provisions should only be applied where their terms are clear, definite and explicit. See *Van Vactor v. Blue Cross Association* (1977), 50 Ill. App. 3d 709, 717, 365 N.E.2d 638, 643; *Wilson v. National Automobile & Casualty Insurance Co.* (1959), 22 Ill. App. 2d 34, 37, 159 N.E.2d 504, 505.

■■ At issue here is whether a sister-in-law is a member of the family of the insured as that phrase is used in an exclusion provision in the automobile liability insurance policy issued by plaintiff. This provision reads:

> "THIS INSURANCE DOES NOT APPLY * * *: TO *BODILY INJURY* TO ANY MEMBER OF THE FAMILY OF THE *INSURED* RESIDING IN THE SAME HOUSEHOLD AS THE *INSURED.* The term 'insured' as used in this exclusion means the person against whom claim is made or suit is brought." (Emphasis in original.)

Although the policy defines several terms, no definition is provided for the phrase "member of the family." Plaintiff argues that this phrase is not ambiguous, and therefore, it should be taken in its plain, ordinary and popular sense. (*Jenkins v. State Security Insurance Co.* (1978), 56 Ill. App. 3d 737, 742, 371 N.E.2d 1203, 1206.) According to plaintiff, a sister-in-law is commonly understood to be a member of the family. Consequently Schmitt, who is the sister of Kopeika's wife, is a member of Kopeika's family pursuant to the clear language of the exclusion provision, and therefore, liability coverage should be denied to Kopeika for any claims made by Schmitt regarding the automobile accident. We do not agree with these arguments.

■■ A provision in an insurance contract is considered ambiguous if it is subject to more than one reasonable interpretation. (*Reserve Insurance Co. v. General Insurance Co.* (1979), 77 Ill. App. 3d 272, 279, 395 N.E.2d 933, 938.) There is an uncertainty as to whether a sister-in-law should be considered a member of the family of the insured under the circumstances presented here. Faced with this ambiguity, we must construe the policy as a whole in order to give effect to the intent of the parties.

■■ Insurance contracts should be construed with the thought that the insured intended to obtain coverage. (See 12 Couch, Insurance §45:5 (2d ed. 1964).) Thus, where an insurer attempts to limit liability by excluding coverage under certain circumstances, the insurer has the burden of showing that the loss claimed falls within the ambit of the exclusion. (See

*Wilson v. National Automobile & Casualty Insurance Co.* (1959), 22 Ill. App. 2d 34, 37, 159 N.E.2d 504, 505.) Here, plaintiff maintains that its intention, as manifested by the exclusion provision, was to limit its liability where the potential for collusion between its insured and the person bringing suit against him is more likely due to close ties between them. Although such exclusion clauses are permissible (see *Country Mutual Insurance Co. v. Mooney* (1978), 59 Ill. App. 3d 946, 949, 376 N.E.2d 439, 442), plaintiff has failed to demonstrate that the situation here falls within the scope of the exclusion.

The language of the insurance policy itself, which was prepared by plaintiff, undermines plaintiff's contention that it intended for a sister-in-law to come within the ambit of its exclusion. According to the policy, the unqualified term "insured" refers in pertinent part to the named insured and, if a resident of his household, his spouse. It also refers to relatives of the named insured *or his spouse* if they reside in the insured's household. Thus, if the unqualified term "insured" had been used in the exclusion clause which is under dispute here, "member of the family of the insured" would have referred to both Kopeika's family and his wife's family. However, the exclusion refers to "any member of the family of the insured," and then states that "[t]he term insured as used in this exclusion means the person against whom claim is made or suit is brought." No reference is made to the spouse of the insured.

Meaning and effect are to be given to all terms and provisions of a contract where possible. It is presumed that the provisions are purposefully inserted and that the language was not employed idly. (See *Home & Automobile Insurance Co. v. Scharli* (1973), 10 Ill. App. 3d 133, 136, 293 N.E.2d 914, 916.) We conclude that the more restrictive definition of insured used in the exclusion provision was intended to narrow the potential class of persons who would be considered members of the insured's family for purposes of the exclusion. Construing the ambiguous phrase "member of the family of the insured" most strongly against the insurer and in favor of the insured, it is clear that Schmitt should not be considered a member of Henry Kopeika's family and that the exclusion is not applicable to the facts of this case.

Accordingly, the order of the trial court granting Schmitt's motion for summary judgment is affirmed.

Affirmed.

McNAMARA and WHITE, JJ., concur.