FRED HOWALT, Plaintiff-Appellee, v. THE OHIO CASUALTY INSUR-
ANCE COMPANY, Defendant-Appellant.

First District (2nd Division)   No. 85—1394

Opinion filed March 25, 1986.

436

Michael F. Healy, of Law Offices of William E. Phillips, of Chicago, for appellant.

Kenneth D. Bellah, of Matthias & Bellah, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendant, The Ohio Casualty Insurance Company (Ohio Casualty), appeals from an order entered on November 15, 1984, by the Honorable Thomas J. O'Brien granting partial summary judgment in favor of plaintiff Fred Howalt (Howalt) with respect to the issue of liability. This order found that Howalt was "potentially an insured" under a policy of insurance issued by Ohio Casualty and that Ohio Casualty was obligated to defend Howalt in the case of Mozden v. Clark Equipment, Inc., No. 80L6001 (the Mozden action). The order further found that the "co-employee" exclusion in the Ohio Casualty policy did not exclude Howalt from insurance coverage against a third-party action filed against him by Mozden Construction Company (Mozden Construction) in the same case.

Ohio Casualty also appeals from an order entered on April 18, 1985, by the Honorable William R. Quinlan granting summary judg-

ment in favor of Howalt on the issue of damages. Ohio Casualty seeks reversal of the judgment as to liability and the judgment awarding damages to Howalt.

This case involves an insurer's breach of duty to defend. Plaintiff Howalt was employed by Mozden Construction as a crane operator on March 3, 1980. Mozden Construction was performing concrete construction at a shopping mall site. On that date, Howalt was involved in an accident, in which the crane tipped over and struck Rory Mozden, who was also an employee of Mozden Construction. Rory Mozden subsequently sued Howalt, as well as Clark Equipment, Inc., the crane manufacturer, Tonn & Blank, Inc., the general contractor, Mi Jack, Inc., the company which leased the crane to Mozden Construction, American Income Properties, the owner and developer of the shopping mall, and Maxwell Starkman Associates, the supervising architects. Rory Mozden's action against Howalt alleged negligence and violation of the Structural Work Act. Two defendants, Clark Equipment and Tonn & Blank, filed third-party actions against Mozden Construction for contribution or indemnity. Mozden Construction then filed a third-party action against Howalt and others for contribution or indemnity.

Mozden Construction was insured by defendant Ohio Casualty under two separate policies. One policy covered workers' compensation claims; the other was a comprehensive general liability policy which is the policy in issue here, and which will be referred to as the "policy." The policy contained a rider that extended liability insurance coverage to employees of Mozden Construction for claims arising in the course of their employment.

On three separate occasions, Howalt tendered the defense of Rory Mozden's direct claims and Mozden Construction's third-party action to Ohio Casualty. The defense was tendered in the belief that, as an employee of Mozden Construction, Howalt was covered under the policy. Ohio Casualty refused to defend Howalt.

Howalt was dismissed from all claims in the Mozden action by way of summary judgment entered by Judge Quinlan. Judge Quinlan ruled that there was no material issue of fact regarding Howalt's status as an employee of Mozden Construction and co-employee of Rory Mozden. Judge Quinlan then ruled that, under the "exclusive remedy" provisions of the Illinois Workers' Compensation Act, Howalt was immune from Rory Mozden's and Mozden Construction's claims.

Howalt then filed this action against Ohio Casualty, seeking to recover his defense costs incurred in the Mozden action. Howalt was granted summary judgment on the issue of liability and the issue of

damages. This timely appeal followed.

## I

The first defense raised by Ohio Casualty is that Howalt's status as an employee of Mozden Construction, which would entitle him to coverage under the insurance policy, did not appear on the face of Rory Mozden's second amended complaint. Therefore, Howalt could not commit a tort in the course of his employment with Mozden Construction.

Rory Mozden's second amended complaint filed against Howalt and others for personal injuries alleged the following facts, which are material in determining whether Howalt was an "additional insured" under the policy:

> 1. Clark Equipment manufactured a crane. (Mozden second amended complaint, count IV, par. 1.)

> 2. Mi Jack leased a crane to Mozden Construction for use at a construction site. (Mozden second amended complaint, count IV, par. 2.)

> 3. On March 3, 1980, Rory Mozden was employed by Mozden Construction at the construction site, and his duties included positioning and emptying concrete buckets which were suspended by the crane. (Mozden second amended complaint, count IV, par. 5.)

> 4. On said date and time, HOWALT was operating the crane. (Mozden second amended complaint, count IV, par. 7.)

> 5. At said time and place, HOWALT carelessly and negligently operated the crane, and positioned the crane so as to endanger other workers. (Mozden second amended complaint, count IV, par. 9.)

The law in Illinois with respect to an insurer's duty to defend under a liability insurance policy is clear. If a complaint is filed against the insured that alleges facts giving rise to potential coverage by the policy, the insurer must either: (1) defend the suit under a reservation of rights; or (2) seek a declaratory judgment that there is no coverage. Otherwise, the insurer is estopped from raising policy defenses and exclusions from coverage. (*County of Massac v. United States Fidelity & Guaranty Co.* (1983), 113 Ill. App. 3d 35, 39, 446 N.E.2d 584.) The insurer is obliged to defend where the complaint alleges a state of facts within the coverage of the policy, even if there is only potentially a case under the complaint within the coverage of the policy. (*Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 190-91, 193 N.E.2d 123, *appeal denied* (1964), 28 Ill. 2d 626,

quoting 7 Am. Jur. 2d *Automobile Insurance* sec. 162.) The complaint must be liberally construed, and all doubts as to coverage must be resolved in favor of the insured. *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451, 408 N.E.2d 928, *appeal denied* (1980), 81 Ill. 2d 602.

■ In Illinois, where a person is alleged to have performed work and labor for another, it is *prima facie* evidence of employment and creates a presumption that such person is the servant and employee of the other. (*Winston v. Sears, Roebuck & Co.* (1967), 88 Ill. App. 2d 358, 365, 233 N.E.2d 95.) It is clear that facts were pleaded that showed that Howalt was potentially an employee of Mozden Construction.

■ These allegations gave rise to a presumption that Howalt was Mozden Construction's employee. It was alleged that Mozden Construction leased the crane for use at the site, and that Howalt was operating the crane at the time of the accident. As a matter of law, given *Winston*, Howalt was presumed to be Mozden Construction's employee. Ohio Casualty's argument that Howalt was not alleged to be an employee of Mozden Construction is simply wrong.

Ohio Casualty next argues that, even if Howalt is presumed to be Mozden Construction's employee, there were no allegations that Howalt's conduct occurred "in the scope of his employment." This "in the scope of his employment" argument has significance because of the wording of the policy. That is, liability coverage is extended to employees of Mozden Construction only while acting in the scope of their duties as employees.

We have found no Illinois case that defines "in the scope of employment" in the context of a liability insurance policy. However, numerous decisions have defined this phrase in the context of worker's compensation claims. Most recently, in *O'Donnell v. City of Chicago* (1984), 126 Ill. App. 3d 548, 552, 467 N.E.2d 971, the court stated:

"The phrase 'in the course of' employment pertains to whether the injury occurs within the period of employment, at a place where the worker may reasonably be in the performance of his duties, and while he is fulfilling those duties or engaged in something incidental thereto."

■ Turning to allegations of Rory Mozden's complaint, we see that Howalt was at the construction site, operating the crane at the time of the occurrence. While operating the crane, it tipped over and struck Rory Mozden, causing him serious personal injuries. If the court accepts the presumption that Howalt was acting as Mozden Construction's employee as a crane operator, Ohio Casualty's argu-

ment that Howalt's conduct was not alleged to have arisen "in the scope of his employment" becomes strained. Ohio Casualty's argument on this point ignores the allegations that Howalt's conduct occurred at the job site, during the construction activities, and while Howalt was operating the crane. It also ignores the fact that the circuit court specifically found, in granting Howalt's summary judgment in the Mozden action, that Howalt was an employee of Mozden Construction at that time. Ohio Casualty's argument fails when measured against the policy provisions construed in the light of applicable Illinois law.

■■ ■ An insurer taking the position that a complaint potentially alleging coverage is not covered by the policy cannot simply refuse to defend the insured. Rather, the insurer must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. If the insurer fails to take either step, it is estopped from later raising policy defenses to coverage and is liable for the insured's cost of defending the suit. (*Murphy v. Urso* (1981), 88 Ill. 2d 444, 451, 430 N.E.2d 1079; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 199, 193 N.E.2d 123, *appeal denied* (1964), 28 Ill. 2d 626.) Ohio Casualty's refusal to either defend Howalt under a reservation of rights or to seek a declaratory judgment now bars it from asserting a policy defense.

II

Ohio Casualty contends that the "co-employee" exclusion of the policy does not extend coverage to Howalt for the third-party claims. While naming employees as "additional insureds," the Master Pak Endorsement contains an exclusion for injuries to co-employees. The relevant portion states:

"VIII. ADDITIONAL INSURED-EMPLOYEES
The 'Persons Insured' provision is amended to include with respect to the Bodily Injury and Property Damage Liability Coverages only, any employee of the named insured while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:
(1) to bodily injury to
    (i) another employee of the same employer arising out of or in the course of his employment *** ."

■■ ■ Does exclusion (1)(i) exclude an obligation to defend and indemnify the employee against a third-party claim seeking contribution pursuant to the Contribution Act, or common law indemnity? Apparently not. It is well established in Illinois that if a clause in an in-

surance policy is unambiguous, it is to be applied as written. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539.) The "co-employee" exclusion is clear: it excludes coverage for injuries to co-employees arising out of and in the course of the employment relationship. However, as a simple matter of contract construction, the "co-employee" exclusion does not exclude contribution or indemnity claims asserted against a tortfeasor-employee arising out of an injury to a co-employee. The exclusion, on its face, applies only to a claim by one employee against his fellow employee.

A recent case from New York construed an identical insurance policy clause. In *Weeks v. County of Oneida* (1983), 91 App. Div. 2d 1198, 459 N.Y.S.2d 334, the court held that, while the exclusion acts to exclude direct claims by an injured employee against his negligent co-employee, it *does not* exclude coverage for third-party contribution or indemnity claims asserted against the negligent employee. While not an Illinois case, the *Weeks* court's construction of the additional insured clause is both logical and consistent with the rules of contract construction followed by Illinois courts.

### III

Ohio Casualty cites *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204. There are several glaring distinctions between *Suarez* and this case. In *Suarez*, State Farm defended its insured under a reservation of rights and also brought an action for declaratory judgment seeking a determination of its duty to defend. Here, Ohio Casualty refused to defend Howalt, even under a reservation of rights. It never sought a judicial determination of its duty to defend Howalt. By such conduct, it is estopped from asserting policy exclusions.

*Suarez* construed the "family exclusion" clause of an automobile insurance policy. This case involves the "co-employee" exclusion contained in a comprehensive general liability policy. In *Suarez*, the court was concerned with the fact that erosion of the family exclusion clause would expose insurers to the same fraud and collusion which the family exclusion clause was designed to prevent. No reported Illinois decision has construed the "co-employee" exclusion in a comprehensive general liability policy. Unlike the family exclusion clause, there is no compelling public interest in discouraging contribution claims from being filed. Ohio Casualty has not cited any fraud and collusion, and we are not aware of any which would evidence such a compelling public interest in need of protection. The public policy reasons for the result in *Suarez* do not exist in this case.

## IV

As the complex facts of this case unravel, they reveal a bizarre set of circumstances. Some compelling purpose of trial strategy caused Rory Mozden, in his personal injury case, to include every defendant in sight, except Mozden Construction. The record revealed that in addition to being an employee, he was also the president and majority stockholder of Mozden Construction. Perhaps he did not want to give the impression that he was also suing himself.

On the other hand, Ohio Casualty's trial strategy seemed to be centered on avoiding the defense of Howalt, a construction worker, employed by Mozden Construction. When Howalt's codefendants in the Mozden action brought Mozden Construction into the fray as a third-party defendant, Ohio Casualty willingly undertook the defense of Mozden Construction. In addition, Ohio Casualty caused Mozden Construction to bring a third-party complaint, in the Mozden action, against Howalt and the other codefendants.

Thus, construction worker Howalt found himself a pawn in a legal chess game that placed him as a target of the legal arsenal of his employer and its insurance carrier. Once again, David was matched against Goliath. When the trial judge in the Mozden action properly dismissed the case against Howalt, the remaining defendants reached an amicable settlement with Rory Mozden and among themselves regarding the third-party claims for contribution and indemnity.

However, Howalt was left with his legal expenses and the usual trauma associated with being sued for substantial damages. By this action, he merely seeks to recover the costs of his legal defense. In our opinion, Ohio Casualty was merely ordered to do what it should have done in the first place. His defense may have been delayed, but it will not be denied.

Accordingly, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.