UNIGARD INSURANCE COMPANY, Plaintiff-Appellee, v. WHITSO, INC., *et al.*, Defendants-Appellants (Maria Gutierrez *et al.*, Defendants).

First District (5th Division)   No. 1—88—2323

Opinion filed March 23, 1990.

McKenna, Storer, Rowe, White & Farrug, of Wheaton (John C. Martler and Lynn R. Price, of counsel), for appellants.

Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Louis W. Brydges, Sr., and Leslie A. Peterson, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Whitso, Incorporated (Whitso), and American States Insurance Company (American States), one of Whitso's insurers, appeal from the entry of summary judgment in favor of Unigard Insurance Company (Unigard), another of Whitso's insurers, in a declaratory judgment action arising out of a personal injury suit against Whitso.

We affirm.

On April 4, 1981, Maria Gutierrez, an employee of Whitso, was injured at work while operating an allegedly defective plastic injection molding machine. Gutierrez subsequently sued Lester Engineering Company (Lester), the machine's manufacturer, as well as Vickers, Incorporated (Vickers), and Allen-Bradley Company, component manufacturers. In turn, Lester and Vickers filed separate two-count, third-party actions against Whitso for indemnity and contribution.

Whitso was insured by three different carriers. Unigard insured Whitso under a comprehensive business liability policy containing a $500,000 liability limit for bodily injury. American States insured Whitso under an umbrella or excess liability policy containing a $2 million liability limit. Casualty Insurance Company (Casualty) was Whitso's worker compensation carrier under a policy containing a $100,000 liability limit.

Casualty assumed the defense of Whitso in both third-party actions.

By letter dated September 3, 1985, American, anticipating that a third-party judgment against Whitso could exceed the limit of Casualty's policy, advised Unigard of the above events and "notified" Unigard to assume its duties pursuant to its policy, namely to "pay any third-party judgment which may or might be entered" against Whitso.

By letters dated July 16, 1986, to Whitso, American, and Casualty, Unigard advised that it would deny coverage for liability arising from Gutierrez' injury based, in part, on the following policy provision:

"EXCLUSIONS: [the policy's] bodily injury liability and property damage liability does not apply

\* \* \*

(h) to bodily injury to any employee of the INSURED arising out of and in the course of his employment by the INSURED or to any obligation of the INSURED to indemnify another because of damages arising out of such injuries[.]"

By letter dated November 28, 1986, counsel for American advised counsel for Unigard that a trial date had been set for Gutierrez' action and asked Unigard to participate in settlement negotiations.

By letter dated December 31, 1986, counsel for American advised counsel for Unigard as to events of the settlement negotiations and again urged Unigard's participation.

On January 13, 1987, Unigard filed a declaratory judgment action naming American, Casualty, and the parties in the underlying lawsuit as defendants. Unigard's action sought a declaration that its policy excluded coverage to Whitso for damages sought by Gutierrez as well as for contribution as sought in the third-party actions.

In their answers to Unigard's complaint for declaratory judgment, Whitso, American, and Gutierrez admitted Gutierrez was injured in the course of her employment. However, American and Whitso contested applicability of the exclusion provision contained in paragraph (h), above, to third-party contribution actions. American and Whitso further claimed Unigard should be estopped from raising policy defenses due to the lapse of time from the date American made demand on Unigard to join in Whitso's defense and the filing of the declaratory judgment action.

On April 20, 1987, Gutierrez' underlying suit was settled.

On April 15, 1988, Unigard moved for summary judgment in its action for declaratory relief. American and Whitso subsequently filed a cross-motion for summary judgment, and the matter was argued before the circuit court on July 5, 1988. By order dated the same day, the circuit court granted Unigard's motion for summary judgment and denied the cross-motion filed by Whitso and American.

This appeal followed.

OPINION

Essentially, Whitso and American contend on appeal that, as the policy exclusion in paragraph (h) does not specifically include the term "contribution," Unigard should not have been allowed to deny an obligation to defend its insured in the third-party contribution actions based on that exclusion. Reliance is principally placed on *Howalt v.*

*Ohio Casualty Insurance Co.* (1986), 142 Ill. App. 3d 435, 491 N.E.2d 1207, and *Insurance Co. of North America v. Dayton Tool & Die Works, Inc.* (1982), 57 N.Y.2d 489, 443 N.E.2d 457, 457 N.Y.S.2d 209.

■■■ Virtually the same argument, based on citation to the same authority, was considered and rejected by the appellate court in *Midland Insurance Co. v. Bell Fuels, Inc.* (1987), 159 Ill. App. 3d 780, 513 N.E.2d 1, in its interpretation, under similar facts, of a policy exclusion identical to paragraph (h) in the instant case. Generally, *Midland* stands for the rule that, in Illinois, such third-party actions are retentive of the characteristics of the underlying claim and, in interpreting such exclusion provisions as contained in paragraph (h) to determine an insurer's obligation to defend, contribution and indemnity claims should be treated similarly. The appellate court reaffirmed that rule in *Reliance Insurance Co. v. Nick J. Giannini, Inc.* (1987), 158 Ill. App. 3d 657, 511 N.E.2d 755. We are persuaded by and, in lieu of repetition here, adopt the analysis set forth in those cases regarding interpretation of such exclusions of coverage. (See also Kroll & Edwards, *Insurance Law*, 19 Loy. U. Chi. L.J. 525, 537-43 (1988).) We find no material basis distinguishing the circumstances involved here to support a different interpretation of paragraph (h) from that considered by the appellate court in *Midland* and *Reliance*. We therefore conclude the trial judge correctly determined Unigard had no obligation to defend in the third-party actions.

Whitso and American also argue that Unigard's failure to either defend Whitso under a reservation of rights or promptly institute a declaratory judgment action to determine its coverage obligation should constitute grounds to estop its defense pursuant to the exclusion contained in paragraph (h).

■■ While we agree that, where doubt exists as to policy coverage, to avoid an estoppel, the insurer should either defend under a reservation of rights or secure a declaratory judgment to determine its rights and obligations before trial or settlement of the underlying action (see *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123), we find no conflict with that proposition in the instant case as Unigard's suit for declaratory judgment was filed over three months prior to actual settlement of Gutierrez' action.

We therefore affirm the judgment of the circuit court.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.