GREAT CENTRAL INSURANCE COMPANY, Plaintiff-Appellant, v. WASCOMAT OF AMERICA *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—90—1996

Opinion filed August 25, 1992.

Bresnahan & Garvey, of Chicago (Kenneth T. Garvey and Robert J. O'Connor, of counsel), for appellant.

Coffield, Ungaretti, Harris & Slavin, of Chicago (J. Timothy Eaton and Daniel P. Albers, of counsel), for appellees.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff, Great Central Insurance Company, sued for a declaratory judgment to determine its duty to defend under a general liability policy. The trial court found that plaintiff had a duty to defend John McDermott, an employee of the named insured, against a third-party claim for contribution, so the court entered summary judgment in favor of McDermott and denied plaintiff's cross-motion for summary judgment. Plaintiff appeals the trial court's ruling on the basis that (1) the liability insurance policy excludes coverage of third-party claims against insureds and their employees; and (2) the policy did not cover liability from an underlying claim based on bodily injury to an employee of the named insured.

For reasons discussed below, we find that the trial court's rulings are correct and we affirm its decision.

In July 1988, Delores Murphy sued Wascomat of America, Washtown Equipment Company, A.B. Electrolux, CTC and Regina McDermott, Murphy's employer, for injuries she suffered when a washing machine began operating while she was removing a blanket from the machine. The trial court in Murphy's suit dismissed the claim against Regina McDermott. Murphy was acting in the course of

her employment when she was injured. The Workers' Compensation Act provided Murphy's sole remedy against her employer. Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*

Wascomat, CTC and A.B. Electrolux filed a third-party complaint against John McDermott, alleging that he, as Regina McDermott's employee, negligently failed to maintain the washing machine properly, and if the washing machine injured Murphy, his negligence proximately caused the injury. John McDermott tendered defense of the third-party claim to plaintiff, claiming coverage under a policy plaintiff issued to Regina McDermott. Plaintiff assumed defense of the suit under a reservation of right to contest coverage for John McDermott.

Plaintiff then brought this action for a judgment declaring that it had no duty to defend or indemnify John McDermott in the third-party suit. Plaintiff named as defendants all parties to Murphy's suit against Wascomat and all parties to Wascomat's third-party action against John McDermott.

The policy lists several exclusions in the section establishing coverage for business liabilities. Exclusion J specifically provides that the insured is not covered for

> "injury to any employee of the Insured arising out of and in the course of his employment by the Insured or to any obligation of the Insured to indemnify another because of damages arising out of such injury."

If Wascomat had sued Regina McDermott for indemnity or contribution, plaintiff would have had no duty to defend because exclusion J specifically denies coverage for such third-party actions for either contribution or indemnification. *Midland Insurance Co. v. Bell Fuels, Inc.* (1987), 159 Ill. App. 3d 780, 513 N.E.2d 1.

The insurance policy separately expands the persons insured under the policy, and in the section defining persons insured, sets forth the exclusions specifically pertinent to those persons, providing coverage in clause V(A)(2) for

> "any *** employee of the Named Insured while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:
>
> a. to *** injury to another employee of the Named Insured arising out of or in the course of his employment."

This clause, in language similar to exclusion J, provides that Regina's employees are not covered for personal injury suits filed by another employee. Therefore, if Murphy had sued John McDermott directly, plaintiff would have no duty to defend or indemnify him. However, clause V(A)(2)(a) does not include language similar to the second part

of exclusion J, which specifically excludes coverage for third-party suits.

Defendants moved for summary judgment based on this division's interpretation of virtually identical insurance in *Howalt v. Ohio Casualty Insurance Co.* (1986), 142 Ill. App. 3d 435, 491 N.E.2d 1207. Although that decision did not discuss the language of exclusion J, defendant presented evidence that the policy at issue in *Howalt* included language virtually identical to exclusion J. The insurance company in *Howalt* apparently made no argument that exclusion J applied to defeat Howalt's claim for coverage. The insurer relied solely on the language of the persons insured clause, which was virtually identical to clause V(A)(2)(a) here. This court in *Howalt* held that clause V(A)(2)(a) did not exclude coverage for third-party suits based on injury to a co-worker, and therefore, the insurer had a duty to defend its insured's employee in a third-party action filed against that employee. *Howalt,* 142 Ill. App. 3d at 440-41, 491 N.E.2d at 1211.

Plaintiff contends that exclusion J applies to all insureds under the contract, including John McDermott. In all of the cases plaintiff cites, the insured's injured employee sued another party who, in turn, sued the named insured, the employer, for contribution. (See *Midland,* 159 Ill. App. 3d 780, 513 N.E.2d 1; *Unigard Insurance Co. v. Whitso, Inc.* (1990), 195 Ill. App. 3d 740, 553 N.E.2d 59; *Reliance Insurance Co. v. Nick J. Giannini, Inc.* (1987), 158 Ill. App. 3d 657, 511 N.E.2d 755; *Aetna Casualty & Surety Co. v. Beautiful Signs, Inc.* (1986), 146 Ill. App. 3d 434, 496 N.E.2d 1229.) Defendants agree that exclusion J applies to preclude coverage for a third-party suit against the named insured, Regina McDermott, John McDermott's employer. Plaintiff cites no case which determines whether a general exclusion applies in the face of a separate specific exclusion that repeats only one part of the general exclusion. This court in Howalt decided that the language plaintiff used in clause V(A)(2)(a) does not exclude coverage for third-party actions.

Plaintiff seeks to distinguish *Howalt* on grounds that in that case the insurer apparently conspired with the named insured to exclude coverage for insured's employee. This court in *Howalt* did not mention collusion in its discussion of the meaning of the persons insured clause and its exclusions. While the court found the insurer estopped from contending that Howalt was not an employee of the named insured, it did not find the insurer estopped from denying coverage on the basis of policy exclusions.

However, plaintiff notes correctly that the insurance company in *Howalt* did not argue that the general exclusion clause, parallel to ex-

clusion J in this case, precluded coverage for the third-party claim against insured's employee. The *Howalt* court did not expressly interpret exclusion J and clause V(A)(2)(a) in light of each other.

Plaintiff contends that the *Midland* court resolved the apparent conflict between the clauses in distinguishing *Howalt*, as the court said:

"The exclusion at issue in *Howalt*, however, by its terms applied only to a claim by one employee against a fellow employee. There was no additional or alternative exclusion that denied coverage for contribution or indemnification claims asserted against a tortfeasor employee which arose out of an injury to a co-employee." *Midland*, 159 Ill. App. 3d at 786, 513 N.E.2d at 4.

The distinction between exclusion J and clause V(A)(2)(a) drawn by the court in *Midland* is exactly the distinction upon which defendants rely. Clause V(A)(2)(a) excludes coverage for an employee liable to another employee for bodily injury; exclusion J, in similar language, excludes coverage for the employer found liable to its employee for bodily injury, and then there is an "additional or alternative exclusion" of coverage for any obligation to indemnify any other party for damages arising out of injury to an employee.

Plaintiff claims that the *Midland* court meant that there was no pertinent "additional or alternative exclusion" anywhere in the contract at issue in *Howalt*, but plaintiff's interpretation is not supported by the language of *Midland*. The *Midland* court could not have found anything in *Howalt* to establish that there was no other general exclusion clause in the contract at issue therein. Defendants here have shown that the insurance contract in *Howalt* actually included the general exclusion applied in *Midland* which plaintiff seeks to apply here. The *Midland* court decided only that the lack of an additional exclusion for indemnification within the clause directly pertinent to employees as persons insured, which was the clause at issue in *Howalt*, was sufficient to distinguish *Howalt* from *Midland*. The court in *Midland* held that exclusion J applies to exclude coverage for contribution claims brought against the employer; it did not decide whether the general exclusion applied to exclude coverage for contribution claims brought against an employee, when the exclusions specifically pertinent to employees did not exclude such coverage. Thus, neither the *Midland* court nor the *Howalt* court decided the precise question the parties have presented in this case.

■ Courts must construe insurance policies as a whole, to give effect to the intent of the parties, with the thought that the insured

intended to obtain coverage. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 1064, 419 N.E.2d 601, 603.) "Meaning and effect are to be given to all terms and provisions of a contract where possible. It is presumed that the provisions are purposefully inserted and that the language was not employed idly." (*Schmitt*, 94 Ill. App. 3d at 1065, 419 N.E.2d at 603.) Any ambiguity in the insurance policy must be construed against the insurer. *Standard Mutual Insurance Co. v. General Casualty Cos.* (1988), 171 Ill. App. 3d 758, 525 N.E.2d 965.

■ Clause V(A)(2), which extends coverage to Regina McDermott's employees, excludes coverage for suits brought by one employee against another, in language very similar to the first part of exclusion J. If exclusion J applies to all insureds, including Regina's employees, there is no reason for including clause V(A)(2)(a) in the policy. In *Home & Automobile Insurance Co. v. Scharli* (1973), 10 Ill. App. 3d 133, 293 N.E.2d 914, the appellate court rejected the insurer's interpretation of its policy because that interpretation rendered a clause redundant and superfluous. Neither in its briefs on appeal nor in its arguments to the trial court has plaintiff here suggested any possible meaning or purpose for clause V(A)(2)(a) on its interpretation of the policy.

We find that the trial court properly reconciled exclusion J and clause V(A)(2)(a), making both clauses meaningful. Since the policy, in its exclusions specifically pertinent to the insured's employees, indicated that plaintiff would not cover suits brought by co-workers, but made no reference to third-party suits for indemnification based on injuries to co-workers, the insurance policy does not exclude coverage for the third-party action Wascomat brought against the named insured's employee, John McDermott. The trial court correctly found that plaintiff has a duty to defend John McDermott against Wascomat's lawsuit, and therefore, we affirm the trial court's judgment dismissing plaintiff's suit for declaratory judgment.

Affirmed.

SCARIANO and DiVITO, JJ., concur.