**Joann Dodge, et al., Plaintiffs-Appellants, v. Allstate Insurance Company, Defendant-Appellee.**

**Gen. No. 52,155.**

First District, Second Division.
December 6, 1967.

John D. Hayes and John B. Cashion, of Chicago, for appellants.

Raymond P. Concannon, of Harrington, Petrucelli & Casey, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

Joann Dodge, Mary Chernesky and Catherine Pickering, ("plaintiffs" herein) brought action against Allstate Insurance Company ("defendant" herein) to recover as beneficiaries under a "Homeowners" insurance policy issued by defendant. The Circuit Court, Municipal Division, granted summary judgment for the defendant. Plaintiffs appeal.

On January 22, 1966, plaintiffs were guests at a skating party given by Harry and Jeannie Davis. The skating party was held at a public park not distant from the Davis home. During that party the plaintiffs were injured upon the ice. Each required medical care for her injuries.

The Davises were the holders of a "Homeowners" insurance policy in effect at the time and issued by the defendant. "Coverage Y" of that policy stated as follows:

"Guest Medical Payments.

"Allstate will pay all medical expenses incurred within one year from the date of accident for bodily injury caused by accident and sustained by any person other than the Named Insured and, if residents of his household, his spouse and the relatives and wards of either:

"1. while on the premises with the permission of an insured, or

"2. while elsewhere if such injury (a) arises out of the premises or a condition in the ways immediately adjoining, or (b) *is caused by the activities of an Insured,* or (c) is caused by the activities of or is sustained by a residence employee and arises out of and in the course of his employment by an Insured, or (d) is caused by an animal owned by or in the care of an Insured." (Italics added.)

Plaintiffs do not claim that their injuries were the results of any specific act or acts of the Davises, the

insured. Plaintiffs' contention is that the language of Part 2(b) of "Coverage Y," "is caused by the activities of an Insured," is ambiguous and that this ambiguity must be resolved by a construction favoring the insured. Their argument is that the Davises ice-skating party was an "activity" in the sense of an organized recreation and that construction of the words "caused" and "activity" in favor of the insured will thus bring them within the coverage.

The Circuit Court found no ambiguity in the language in question. We agree.

 It is the rule, as plaintiffs assert, that where a policy provision is vague or ambiguous that construction favoring extension of coverage to the insured will be preferred by the courts. We do not find it necessary, however, to apply the rule in this case for we find only one possible reasonable construction of the phrase in question. Plaintiffs are mistaken in the contention that the only words of significance in the quoted phrase are "caused" and "activities." The language of an insurance policy is not ambiguous because a word or phrase isolated from the context of the whole is susceptible of more than one meaning, or because in context it is susceptible of one reasonable and one unreasonable meaning. Hill v. Standard Mut. Cas. Co., 110 F2d 1001 (1940). The language in issue must be taken as a whole and in its plain, ordinary and popular sense. Geneva Miller v. Madison County Mut. Automobile Ins. Co., 46 Ill App2d 413, 197 NE2d 153 (1964) ; Cook v. Suburban Cas. Co., 54 Ill App2d 190, 203 NE2d 748 (1964). Reasonable construction of the language read in context and as a whole discloses no ambiguity. Such a reading of the policy also discloses that there can be no recovery by the plaintiffs as there was no activity of the Davises that caused the plaintiffs to fall on the ice. The social party given by the Davises did not in fact cause the injuries complained of. The possibility of strained or unreasonable interpretations of the policy

407

language does not give rise to the necessity of applying a rule of construction that would bring plaintiffs within coverage.

The summary judgment for defendant was correct and is affirmed.

Judgment affirmed.

LYONS, P. J. and BURKE, J., concur.