[No. B118385. Second Dist., Div. Five. Apr. 9, 1999.]

MANSOUR SHAOLIAN et al., Plaintiffs and Appellants, v.
SAFECO INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Wasserman, Comden & Casselman and Gary S. Soter for Plaintiffs and Appellants.

LaTorraca & Goettsch, Raymond H. Goettsch and Teresa Cho for Defendant and Respondent.

OPINION

**GODOY PEREZ, J.**—Plaintiff Mehdi Sina-Khadiv and plaintiffs Mansour Shaolian and Rahel Shaolian, both in their individual capacities and as successors in interest to Ramtin Shaolian, appeal from the order sustaining without leave to amend the demurrers of defendant Safeco Insurance Company and the concomitant order dismissing the first amended complaint as to Safeco. For the reasons set forth below, we affirm.

### FACTS AND PROCEDURAL HISTORY

On the night of June 9, 1995, while walking in the parking lot of a West Hills shopping mall, Ramtin Shaolian (Ramtin) was killed and plaintiff and appellant Mehdi Sina-Khadiv (Sina-Khadiv) was injured by gunfire coming from a passing car. Several persons were inside that car, including defendant Jennifer Akbar. A complaint was eventually filed against those involved in the shooting by Sina-Khadiv and by Ramtin's parents, plaintiffs and appellants Mansour and Rahel Shaolian (the Shaolians).[1]

Appellants later determined that Jennifer Akbar's parents, Jim and Peggy Akbar (the Akbars), were covered under a homeowners insurance policy provided by defendant and respondent Safeco Insurance Company (Safeco). At issue here is a medical coverage provision which obligated Safeco to pay the medical or funeral expenses incurred by third parties who were injured in connection with the insureds' activities. When appellants demanded payment for such expenses, Safeco refused, contending that its obligation to pay was conditioned on a finding that Jennifer Akbar had been at fault in the shootings. In their operative first amended complaint, appellants sued Safeco in the seventh, eighth and ninth causes of action respectively, for breach of

---

[1] The Shaolians sued in both their individual capacities and as Ramtin's successors in interest. We will refer to the Shaolians and Sina-Khadiv collectively as "appellants." Other persons in the car were also named as defendants, including the shooter—Tommy Lee Williams—and Elliott O'Neal Singletary, Yael Oved and Shameka Randle. Neither Akbar nor any of those other defendants are parties to this appeal. Appellants allege that Jennifer Akbar conspired with or otherwise negligently assisted in the shooting.

contract, breach of the implied covenant of good faith and fair dealing, and on behalf of the general public for Safeco's alleged unfair business practices in connection with handling their claim and others. (Bus. & Prof. Code, § 17200.)

Safeco demurred to those three causes of action on several grounds, the dispositive one for our purposes being that appellants lacked standing to sue until Jennifer Akbar's liability for the shootings had been adjudicated against her. On November 12, 1997, the trial court sustained Safeco's demurrers without leave to amend and an order dismissing the first amended complaint as to Safeco was entered December 3, 1997. Appellants' later motion for reconsideration was denied December 22, 1997. This timely appeal followed.

### STANDARD OF REVIEW

In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we must examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. Reversible error is committed if the facts alleged show entitlement to relief under any possible legal theory. (*Cochran* v. *Cochran* (1997) 56 Cal.App.4th 1115, 1119-1120 [66 Cal.Rptr.2d 337].)

We will not, however, assume the truth of contentions, deductions or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact of which judicial notice may be taken. When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper. (Code Civ. Proc., § 430.30, subd. (a); *Cochran* v. *Cochran*, *supra*, 56 Cal.App.4th at p. 1120.) We may take judicial notice of the records of a California court. (Evid. Code, § 452, subd. (d).) We must take judicial notice of this state's decisional and statutory law. (Evid. Code, § 451, subd. (a).)

### DISCUSSION

Because the insurer's duties flow to its insured alone, a third party claimant may not bring a direct action against an insurance company. As a general rule, a third party may directly sue an insurer only when there has been an assignment of rights by, or a final judgment against, the insured. (Ins. Code, § 11580, subd. (b)(2); *Harper* v. *Wausau Ins. Co.* (1997) 56

Cal.App.4th 1079, 1086 [66 Cal.Rptr.2d 64], hereafter *Harper.*) We held in *Harper* that the medical coverage provisions of a commercial general liability policy conferred third party beneficiary rights upon someone injured on the insured's property, thus permitting that third party to directly sue the insurer when it refused to pay those benefits. Appellants contend that *Harper* applies here and mandates reversal of the demurrer. Safeco contends that the terms of its medical coverage provision are sufficiently different from those at issue in *Harper* as to make that decision both distinguishable and inapplicable.

The liability policy at issue in *Harper* stated that the insurer would pay medical expenses for bodily injury caused by an accident on or adjacent to the insured's premises or because of its operations "regardless of fault." A woman who slipped and fell on the insured's premises sued the insurer directly under that provision. The trial court granted the insurer summary judgment under the general rule precluding direct actions against insurers by third party claimants. Applying general contract law principles, we held that the plaintiff was a third party beneficiary of the medical coverage provision who was entitled to sue directly to enforce her rights. (56 Cal.App.4th at pp. 1086-1091.)

In doing so, we discussed in general the nature and purposes of medical coverage provisions contained in liability policies, quoting from one insurance law commentator that it was ". . . 'a form of minimal group accident insurance provided at minimal cost with a named insured as the entity through whom the coverage is issued. . . . [¶] Generally, medical payment clauses are considered to constitute separate accident insurance coverage. Such coverage is divisible from the remainder of the policy, and creates a direct liability to the contemplated beneficiaries. The purpose is to grant peace of mind and create a fund for the payment of medical services so that those injured will not necessarily be contemplating how to impose liability upon the insured. And, with this in mind, a broad and liberal interpretation will be given. [¶] Such provision is the separate obligation of the insurer, independent of its obligation to pay sums of money as damages under the liability features of the contract. It has no relevance to the financial responsibility law. Nor is liability for such payment in any way dependent upon negligence of the insured. . . .' [Citation.]" (*Harper, supra,* 56 Cal.App.4th at pp. 1089-1090, quoting 8A Appleman & Appleman, Insurance Law and Practice (1981) § 4902, pp. 228-230, fns. omitted, hereafter Appleman.)

Relying heavily on the above quoted portion of *Harper,* appellants contend that the medical coverage provision in the Akbars' policy conferred upon them third party beneficiary status. Appellants' analysis fails to consider the key distinguishing factor between the medical coverage provision

at issue in *Harper* and the one before us now—that in *Harper*, the insurer was expressly obligated to pay a third person's medical expenses without regard to fault.

Because the coverage provision in *Harper* "specifically states the defendant will pay 'without regard to fault,' " we held that the provision was not one for liability but was instead "a direct and separate obligation in the policy to pay the medical expenses of persons injured on its insured's property." That made the plaintiff an intended third party beneficiary of the medical coverage provision as a "member of the class of persons protected under the policy." (*Harper, supra,* 56 Cal.App.4th at p. 1091.)

In so holding, we also quoted Appleman for the proposition that the insurer " '. . . may limit the class of persons to whom such coverage is applicable.' [Citation.]" (*Harper, supra,* 56 Cal.App.4th at p. 1091, quoting Appleman, *supra,* § 4902.5, pp. 232-233.) Not quoted by us at the time was a portion of the same paragraph in which Appleman noted that the "insurer may also limit coverage so as to make it inapplicable to activities away from the premises or as to persons not on the premises, if not injured by an act of the insured." (Appleman, *supra,* § 4902.5, p. 233, fn. omitted.) That is precisely the case with the medical coverage provision in the Akbars' policy with Safeco, at least in regard to injuries occurring away from the Akbars' home.

The medical coverage provision in the Akbars' policy states: "We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury. . . . [T]his coverage applies only: [¶] 1. to a person on the **insured location** with the permission of an **insured**; or [¶] 2. to a person off the insured location, if the **bodily injury**: [¶] a. arises out of a condition on the insured location or the ways immediately adjoining; [¶] **b.** is caused by the activities of an **insured**; [¶] c. is caused by a **residence employee** in the course of the **residence employee's** employment by an **insured**; or [¶] **d.** is caused by an animal owned by or in the care of an **insured**." No reported California decisions have construed such language in the context of medical coverage provisions, but two sister-state decisions have considered the rights of injured third parties to recover their medical expenses under policies with virtually identical language.

The court in *Dodge* v. *Allstate Insurance Co.* (1967) 89 Ill.App.2d 405 [233 N.E.2d 100] (hereafter *Dodge*), affirmed a summary judgment for an insurer which had been sued under the medical coverage provision of its insureds' homeowner policy. That coverage applied to injuries sustained

away from the premises which were caused by the activities of an insured. The plaintiffs were guests at a skating party given by the insureds at a public park some distance from their home. The plaintiffs were injured on the ice and sought reimbursement of their medical expenses from the insurer. The Illinois appellate court affirmed summary judgment for the insurer, first holding that the policy language was not ambiguous and that the term "caused by the activities of the insured" must be given its ordinary, commonsense meaning. The plaintiffs did not claim that their injuries were the result of any specific acts of the insured and they were therefore not entitled to payment under the policy because their injuries were not caused by the insureds or their party. (*Id.* at pp. 406-408 [233 N.E.2d at pp. 101-102.)

The plaintiff in *Daigle* v. *Goodwin* (La.Ct.App. 1975) 311 So.2d 921 (hereafter *Daigle*), was the father of an eight-year-old boy who had been shot in the eye with a BB rifle. The rifle belonged to an 11-year-old boy, but had been fired by a 12-year-old boy to whom the weapon had been loaned. The injured boy's father sued the father of the 11-year-old boy, along with the father's homeowners insurer, seeking recovery of his child's medical expenses under the policy's medical coverage provision. Judgment for the plaintiff was reversed on appeal because the medical coverage applied to off-premises injuries caused by an insured, but the injuries sustained were caused by the 12-year-old boy, who was not an insured under the policy obtained by the father of the 11-year-old. (*Id.* at p. 924.)

The common thread running between *Dodge* and *Daigle* is the requirement of some determination that there was a causative relationship between the injuries sustained and the conduct of an insured. In short, the insured must have somehow been at fault for the injuries. Applying traditional rules of contract interpretation to the medical coverage provision at issue here, we follow *Dodge* and *Daigle* and hold that the same requirement applies to the Akbars' policy with Safeco for injuries sustained away from their home.

For injuries sustained at the Akbars' home, their policy provided medical coverage without limitation. For injuries off the premises, however, the coverage contains various causative restrictions. The injury must arise out of a condition on the insured location, or be caused by the activities of the insured, their employees, or animals in their care. Safeco has therefore limited its obligation to pay the medical expenses of third persons injured away from the Akbars' home to injuries which were caused by the activities of an insured. (See Appleman, *supra*, § 4902.5, pp. 232-233 [insurer may limit the class of persons to whom such coverage is applicable and may also limit coverage so as to make it inapplicable to activities away from the premises or as to persons not on the premises, if not injured by an act of the insured].)

Unlike *Harper*, the Akbars' policy does not provide coverage without regard to fault when a third person is hurt away from the Akbars' home. As a result, third persons such as appellants are not intended beneficiaries of the medical coverage provision and must await a final judgment against Jennifer Akbar before making a claim for benefits under that provision. (Ins. Code, § 11580, subd. (b)(2); *Harper, supra,* 56 Cal.App.4th at p. 1086.) At a minimum, the policy's use of language imposing a causative restriction on the payment of those benefits raises a doubt whether appellants are third party beneficiaries of the medical coverage provision. We must construe that doubt against making appellants third party beneficiaries. (*Rupley* v. *Huntsman* (1958) 159 Cal.App.2d 307, 312 [324 P.2d 19] [the California rule is that the intent to make a third party a beneficiary of coverage under an insurance policy must clearly appear; the policy should be construed against finding such an intent if there is any doubt].)

Not only does this holding dispose of the seventh and eighth causes of action against Safeco for breach of contract and breach of the implied covenant of good faith and fair dealing, it also applies to the ninth cause of action for injunctive and restitutionary relief for unfair business practices. (Bus. & Prof. Code, § 17200.)

Unfair competition consists of any unlawful, unfair, or fraudulent business act or practice. (Bus. & Prof. Code, § 17200.) Actions for injunctive relief to stop such conduct and for restitution to force disgorgement of unlawfully obtained profits are permitted. (Bus. & Prof. Code, § 17203.) Any private person, whether damaged or not by such conduct, may sue on his own behalf or on behalf of the general public. (Bus. & Prof. Code, § 17204.) Appellants' ninth cause of action for unfair competition begins by incorporating all previous allegations, including those against the persons involved in the shooting, and those against Safeco. Safeco was sued for breach of contract and breach of the implied covenant for having refused to pay under the medical coverage provision on the basis that Jennifer Akbar was not at fault in the shooting.

The unfair competition claim then alleges that Safeco issued thousands of homeowners policies which provided medical expense coverage to those injured on an insured's premises and to persons injured away from the premises when caused by an insured's activities. Safeco allegedly received thousands of claims from injured persons, denominated as claimants, for coverage under those provisions. Safeco allegedly concealed the medical coverage provision from the claimants, knew the claimants would not have possession of the homeowners policies and would thus be unaware such coverage existed, and intentionally withheld payments due under the medical

coverage provisions. That conduct amounted to unfair competition under Business and Professions Code section 17200, appellants alleged.

Most of the argument about this cause of action has focused on whether appellants were trying to evade the restrictions against suing under Insurance Code section 790.03, subdivision (h) for a violation of the insurer's claims handling duties. (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58].) We affirm based on another point raised by Safeco's demurrer—that appellants failed to state a cause of action because appellants have neither standing, a right of recovery, nor a basis for a direct action against Safeco. (*Kennedy* v. *Baxter Healthcare Corp.* (1996) 43 Cal.App.4th 799, 808 [50 Cal.Rptr.2d 736] [we must affirm if the trial court's ruling was correct on any applicable theory].)

The essence of the unfair competition claim is Safeco's concealment of or refusal to pay medical coverage benefits until and unless a claimant obtained a judgment against the insured or otherwise gained standing by proving the insured was at fault. Appellants characterize the issue just this way in their opening brief. Furthermore, their unfair competition cause of action must have had some factual relationship to their own claims against Safeco. If not, the joinder of the unfair competition claim with the others would have been improper. (Code Civ. Proc., § 379, subd. (a)(1) [permissive joinder of defendants proper so long as the right to relief asserted was joint or several and arose out of the same transactions or occurrences and presented common questions of law and fact].)

Since we have held that persons who were injured away from an insured's premises must prove an insured caused their injuries, thus precluding their status as third party beneficiaries under the medical coverage provisions, Safeco's conduct in regard to such persons, as alleged in the ninth cause of action, did not constitute a violation of the unfair competition laws. (*Harper, supra,* 56 Cal.App.4th at p. 1086 [third party claimants may not bring direct actions against insurers because the insurer's duties flow only to the insured].) To the extent appellants might contend their cause of action extended to persons injured on an insured's premises, who *would* be third party beneficiaries of the medical coverage provision, the demurrer would have been properly sustained on the grounds of misjoinder, since the removal of appellants' contract law causes of action would leave such a claim standing entirely on its own, unconnected to any issues raised in the remainder of the complaint.[2]

Appellants' final contention is that the court erred in denying their motion for reconsideration, based on the fact that their lawyer was late for the

---

[2]Misjoinder was also raised as a ground for Safeco's demurrer.

hearing and thus unable to argue on their behalf, and on their belief that the trial court did not consider *Harper* in making its ruling. Given our holding that *Harper* in fact precludes their causes of action against Safeco at this time, even if it were error to deny the motion for reconsideration, the error was harmless.

### DISPOSITION

For the reasons set forth above, the order sustaining Safeco's demurrers to the seventh, eighth and ninth causes of action in appellants' first amended complaint, and the concomitant order dismissing that complaint as to Safeco, along with the order denying appellants' motion for reconsideration, are each affirmed. Respondent Safeco to recover its costs on appeal.

Grignon, Acting P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied May 5, 1999.