Filed 11/23/20  Reliance Steel & Aluminum etc. v. IntelliLUM CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Reliance Steel & Aluminum Co. dba MetalCenter,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>IntelliLUM, Inc. et al.,<br><br>        Defendants and Respondents. | A157239<br><br>(Alameda County Super. Ct. No. HG17858476) |

When one company sues another, may it also directly sue an insurer whose policy would cover the claim?  Case law in California makes clear that the answer is generally "no" because the insurer's duties flow to the insured alone and not to the injured party.  (*Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194, 205 (*Royal Indemnity*).)  We conclude that none of the possible exceptions to this rule have been shown to apply in this case, and therefore affirm the trial court's order dismissing defendants Nationwide Insurance (Nationwide) and Scottsdale Indemnity Company (Scottsdale) from this action filed by plaintiff Reliance Steel & Aluminum Co. dba MetalCenter (Reliance) after the court sustained their demurrer without leave to amend to the second amended complaint (SAC).

1

## I. BACKGROUND

On April 28, 2017, Reliance filed a complaint for breach of contract and related common counts against IntelliLUM, Inc., (IntelliLUM) its owner, Gregory Brown, and Does 1–50. The complaint alleged that defendants owed Reliance $66,790.03 for the reasonable value of goods and services provided in 2015 and 2016, plus interest. IntelliLUM did not respond to the complaint and a default was entered on July 21, 2017.

IntelliLUM filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Nevada on August 3, 2017. Reliance filed a notice of the bankruptcy with the superior court stating that actions against IntelliLUM were temporarily stayed; IntelliLUM also filed a notice of the bankruptcy.

IntelliLUM was apparently insured by Nationwide and Scottsdale under one or more policies.[1] Reliance alleges that its claims against IntelliLUM are covered by this policy or by these policies. In April 2018, the bankruptcy trustee issued an order stating that the automatic stay "does not apply to prevent Reliance Steel & Aluminum from naming IntelliLUM as a nominal defendant and pursuing a claim against Nationwide

---

[1] The SAC alleges that IntelliLUM and Brown were insured by "one or more insurance policies" issued by Nationwide and Scottsdale, and that "Nationwide and Scottsdale are related business entities by ownership, management, and/or control, and Nationwide issues policies through Scottsdale and vice versa." It is unclear from the record whether one or more policies is involved in this case.

Insurance; however, Reliance is precluded from asserting any claim against the bankruptcy estate."[2]

On September 4 2018, Reliance filed a first amended complaint (FAC) adding Nationwide as a defendant and adding causes of action for misrepresentation, negligence and "Liability of Nationwide Insurance." Only this last cause of action was asserted against Nationwide.

Nationwide filed a demurrer to the cause of action alleging Nationwide's liability, arguing: (1) it was not the insurer because Scottsdale actually issued the policy at issue; and (2) Reliance was not in privity of contract with Nationwide and could not assert a direct cause of action unless there had been a judgment for bodily injury, death or property damage under Insurance Code section 11580 (hereafter "section 11580"), and a breach of contract claim did not qualify.

In an order issued December 21, 2018, the court sustained the demurrer without leave to amend. It rejected Nationwide's

---

[2] On July 26, 2020, Reliance submitted a request that we take judicial notice of six documents from the bankruptcy case: (1) a proof of claim by Reliance against IntelliLUM; (2) Reliance's motion for an order authorizing claims against the insurance companies; (3) a notice of hearing on that motion; (4) an order granting the motion; (5) a docket showing there was no objection filed to Reliance's claim; and (6) a final decree. It also requests that we take judicial notice of three documents from the superior court case: (1) an order dropping IntelliLUM's demurrer to the second amended complaint due to its suspended corporate status; (2) an order deeming admitted certain requests for admission propounded to IntelliLUM; and an entry of default against IntelliLUM dated July 21, 2020. We grant the request. (Evid. Code, §§ 452, subd. (d), 459.)

argument that it was not IntelliLUM's insurer, noting that IntelliLUM had asserted several times that Nationwide was its insurer and that Reliance had alleged the same in its FAC. The court found, however, that the second argument had merit. It reasoned that this was an action for failure to pay under a contract, not for "bodily injury, death, or property damage" as required for a direct action under section 11580. It additionally noted that Reliance had not obtained a judgment against IntelliLUM, as section 11580 requires. The court found that no amendment by Reliance could cure the defect. It did not reach the issue of whether there was coverage under the Nationwide policy.

On January 14, 2019, Reliance filed the SAC, which names IntelliLUM, Brown, Nationwide and Scottsdale as defendants. It alleged causes of action for breach of contract, common counts, intentional misrepresentation, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing against IntelliLUM and Brown, causes of action for declaratory relief and enforcement of judgment against Nationwide and Scottsdale, and a cause of action for "Strike Sham Pleadings" against all defendants.

The cause of action for declaratory relief alleged that Nationwide and Scottsdale were related entities that had issued one or more insurance policies to IntelliLUM and Brown, that the claims by Reliance against IntelliLUM and Brown were covered by these policies, and that Nationwide and Scottsdale were providing IntelliLUM and Brown with a defense. The cause of

4

action for enforcement of judgment alleged that Reliance was a judgment creditor of IntelliLUM because Reliance had filed a proof of claim against IntelliLUM in the bankruptcy case that was deemed admitted, and that Reliance was entitled to enforce this judgment against Nationwide and Scottsdale under section 11580, subdivision (b)(1) and (2). Under the cause of action for "Strike Sham Pleadings," Reliance alleged that IntelliLUM and Brown had moved to set aside a default in this case at Nationwide and Scottsdale's direction and that Nationwide and Scottsdale had falsely denied coverage.

Nationwide and Scottsdale filed a demurrer alleging: (1) Nationwide had already been dismissed from the lawsuit when the demurrer to the FAC was sustained without leave to amend; (2) the SAC did not allege "wrongful death, bodily injury, or property damage" as necessary to bring an action directly against the insurer under section 11580; (3) there was no coverage under the insurance policy for breach of contract claims; and (4) the claims for "Enforcement Of Judgment" and "Strike Sham Pleadings" were not legally cognizable. The trial court sustained the demurrer without leave to amend and entered judgment in favor of Nationwide and Scottsdale.

## II. DISCUSSION

### A. *Violation of Rules of Court*

We begin by addressing a significant flaw in Reliance's appellate briefing. The California Rules of Court require litigants to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the

5

matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Thus, stating facts—whether in the statement of facts, the procedural history, or the argument portion of the brief—without providing any record cite, or citing to only a document rather than to a page in the record, violates this rule. (See, e.g., *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166–167 (*Evans*); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 990.)

Reliance's opening and reply briefs do not contain citations to the appellate record. When, as here, a litigant repeatedly provides no page citations to the record, the rule violation is egregious, significantly burdening the opposing party and the court. (*Evans*, *supra*, 134 Cal.App.4th at pp. 166–167.) The consequences of violating the Rules of Court can be severe. "[I]t is counsel's duty to point out portions of the record that support the position taken on appeal," and "[t]he appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Accordingly, "[a] violation of the rules of court may result in the striking of the offending document, the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal." (*Ibid.*; see also Cal. Rules of Court, rule 8.204(e) [court may decline to file noncomplying brief, or may file it but return it for corrections, strike it with leave to file a new brief, or disregard the noncompliance].)

Although it is within our discretion to strike Reliance's briefing and order it to file amended briefs, we will not do so. Having reviewed the record, we are convinced that complete and

6

accurate record citations would not change our conclusion about the merits of Reliance's appeal. We admonish counsel and warn that future violations of this sort may result in sanctions or other consequences. (See *Evans*, *supra*, 134 Cal.App.4th at p. 166.)

B. *Standard of Review*

"Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend. [Citation.] We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law. [Citation.] It is error for the trial court to sustain a demurrer if the plaintiff has stated a cause of action under any possible legal theory, and it is an abuse of discretion for the court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by amendment." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) An argument that leave to amend should have been granted can be raised for the first time on appeal. (*Eghtesad v. State Farm Gen. Ins. Co.* (2020) 51 Cal. App. 5th 406, 411 (*Eghtesad*).)

C. *Order Sustaining Demurrer to FAC Without Leave to Amend*

Nationwide argued below that because the court had sustained the demurrer to the FAC without leave to amend, it could not be named as a defendant in the SAC. The trial court did not, in its order, state the reasons it sustained the demurrer

7

to the SAC, and did not reference its previous order sustaining Nationwide's demurrer to the FAC without leave to amend. The court's failure to mention this ground in its order sustaining the demurrer to the SAC would not preclude us from considering the issue in our de novo review of that ruling. (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.) But Nationwide and Scottsdale have not raised the issue on appeal, and it has therefore been abandoned and forfeited. (*Davies v. Sallie Mae, Inc.* (2008) 168 Cal.App.4th 1086, 1096 [issue not raised in opening brief was abandoned].) We therefore consider whether the SAC states a cause of action against the two insurers.

D. *General Rule: Third Party Claimants May Not Directly Sue Liability Insurers*

Generally, an insurer may not be joined as a party-defendant in the underlying action against the insured by the injured third party. (*Royal Indemnity*, *supra*, 162 Cal.App.4th at p. 205; *Shaolian v. Safeco Ins. Co.* (1999) 71 Cal.App.4th 268, 271 (*Shaolian*).) This is because the insurer's duties flow to the insured. (*Shaolian* at p. 271; *San Diego Housing Com. v. Industrial Indemnity Co.* (2002) 95 Cal.App.4th 669, 685 (*San Diego Housing*); *Harper v. Wasau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1086 (*Harper*).) "[E]ven though a third party making a liability claim against an insured will benefit from the insurer's payment under the policy, the benefit is only incidental, and the claimant is not a third party beneficiary of the contract."

8

(*Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1994) 21 Cal.App.4th 1586, 1600, see *Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 944.)

There are exceptions to this general rule.  A party may obtain an assignment that allows a suit against the insurer directly.  (*San Diego Housing*, *supra*, 95 Cal.App.4th at p. 685; *Shaolian*, *supra*, 71 Cal.App.4th at p. 271.)  A claimant may also sue the insurer as a third party beneficiary utilizing traditional contract principles when the claim involves a policy provision that flows directly in favor of a third party (e.g., a provision requiring the payment of a third party's medical payments, regardless of fault).  (*Id.* at pp. 271–272.)  "This is because the medical coverage provisions provide direct obligations on the part of the insurer to the intended beneficiaries."  (*Harper*, *supra*, 56 Cal.App.4th at p. 1089.)  And once a party has a final judgment against the insured, the claimant becomes a third party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to Insurance Code section 11580 if the judgment is for "bodily injury, death or property damage."  (*Id.* at p. 1086, fn. 2.)

Thus, a pleading in which a third party purports also to sue the defendant's insurer directly does not state a cause of action unless it alleges facts showing that one of these exceptions applies.  The SAC does not allege that Reliance obtained an assignment from IntelliLUM or some other party that allowed it to sue under IntelliLUM's policy.  Nor does it allege facts showing that the policy or policies issued by Nationwide and Scottsdale

9

contained a provision conferring third party beneficiary rights to Reliance.[3]  This leaves section 11580.

E.  *Section 11580*

Section 11580, subdivisions (a) and (b)(2) require that an insurance policy "shall not be issued or delivered to any person in this state unless it contains the provision" "that whenever judgment is secured against the insured or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."  "If this direct action provision is not included in the policy, it is read into the policy."  (*People ex rel. City of Willits v. Certain Underwriters at Lloyd's of London* (2002) 97 Cal.App.4th 1125, 1127.)

The SAC alleged that Reliance obtained a "judgment against IntelliLUM" as contemplated by section 11580 because its claim against IntelliLUM in bankruptcy court was approved. We assume, without deciding, that the allegation of an approved bankruptcy claim was sufficient to allege a final judgment within the meaning of section 11580.  (See *Nathansan v. Hecker* (2002) 99 Cal.App.4th 1158, 1163–1166 [bankruptcy court's allowance of claim is final judgment for purposes of res judicata].)

Even assuming there is a judgment, that judgment was based on money owed under a contract and did not arise from a

---

[3] Reliance has not attached a copy of the insurance policy or policies to the SAC as an exhibit.

claim for "bodily injury, death or property damage" under section 11580, subdivision (b)(2). (See *Xebec Development Partners, Ltd. v. National Union Fire Ins. Co.* (1993) 12 Cal.App.4th 501, 527, disapproved on other grounds in *Essex Ins. Co. v. Five Star Dye House, Inc.* (2006) 38 Cal.4th 1252, 1265, fn. 4. [§ 11580 did not authorize direct action because lawsuit for diversion of research and development funds was not based upon "bodily injury, death or property damage"]; *Rolf Homes, Inc. v, Superior Court of San Mateo County* (1960) 186 Cal.App.2d 876, 880–881 [action for malpractice and fraud did not allow action under § 11580].) Reliance argues that its case against IntelliLUM and Brown includes torts as well as an alleged breach of contract, but none of the torts (intentional misrepresentation, negligent misrepresentation, breach of implied covenant of good faith and fair dealing) involve "bodily injury, death or property damage." A direct action against the insurer is not authorized by section 11580 for the claims in this case.

   F.  *Does section 11580 Even Apply, And What is the Effect of This?*

   Although Reliance alleged in the SAC that section 11580 authorized the present direct action, it now argues on appeal that it is not constrained by this provision because the insurance policy at issue was not "issued or delivered to any person in this state." (§ 11580,subd. (a).) It does not indicate in its opening brief where the operative policy or policies were "issued or delivered," but asserts that IntelliLUM is incorporated and does

11

business in Nevada, and that Nationwide and Scottsdale are Ohio insurers.

The SAC did not allege where Nationwide and Scottsdale are incorporated or do business, or where the policy or policies at issue were issued or delivered.[4] Reliance appears to be correct that section 11580 does not apply to policies not issued or delivered in California. (*Roberts v. Home Ins. Indem. Co.* (1975) 48 Cal.App.3d 313, 318 (*Roberts*) [in case involving California action for injuries suffered by California resident against Louisiana hotel insured by a policy issued in Louisiana, section 11580 did not apply]; *Phillips v. Noetic Specialty Ins. Co.* (S.D. Cal. 2013) 919 F.Supp.2d 1089, 1094 [section 11580 did not apply to policy issued in Virginia and delivered in Pennsylvania to New Jersey corporation]; see *Ahern v. Dillenback* (1991) 1 Cal.App.4th 36, 49 [only policies issued or delivered in California are subject to section 11580.2 and its requirement that a policy contain uninsured motorists coverage].)

But allegations supporting the application of a law other than section 11580 only assist Reliance if that other law supports a direct action against the insurers. Reliance has not demonstrated that this is the case. Other than alleging in the SAC that section 11580 authorizes the present action (which it now disavows), Reliance did not argue in the trial court that the law of any particular forum should be applied. And on appeal,

---

[4] The SAC alleges that IntelliLUM is qualified to do business in California and is incorporated in Nevada (though its corporate status is suspended) and that Brown has conducted business in both California and Nevada.

12

Reliance has failed to argue in favor of one state law over another and has not explained how the application of that law allows the instant action. It simply asserts that the parties are from jurisdictions other than California, that the insurance policy at issue was delivered and issued outside California and that section 11580 does not apply.

It is one thing to say that an appellate court can consider the issue of leave to amend for the first time on appeal when the question is whether the plaintiff could allege facts showing that an issue is controlled by another state's law. (*Eghtesad, supra*, 51 Cal.App.5th at p. 411.) It is another to absolve a party from explaining on appeal how the pleading could be amended. To the extent some other state's law would be beneficial to Reliance (a fact not demonstrated), Reliance has forfeited its claim on appeal. (See *AICCO, Inc. v. Insurance Co. of North America* (2001) 90 Cal.App.4th 579, 595 [rejecting argument by defendant on demurrer that Pennsylvania law should apply: It "has not made a serious attempt to support its argument. It does not discuss conflict of laws, comity, or full faith and credit in any detail, or analyze why, under each principle, Pennsylvania, as opposed to California law would apply. We deem the issue waived."].) And to the extent it argues that some California law other than section 11580 should apply, we would default to the general rule of this state that third parties may not directly sue a liability insurance company. (*Royal Indemnity, supra*, 162 Cal. App. 4th at p. 205.)

13

G.  *Joinder and Intervention*

Reliance contends that because IntelliLUM's corporate status was suspended, Nationwide and Scottsdale had a right to intervene in the lawsuit Reliance filed against IntelliLUM and Brown.  (*Reliance Ins. Co. v. Superior Court (Wells)* (2000) 84 Cal.App.4th 383, 386–388.)  Neither Nationwide nor Scottsdale *did* intervene, and Reliance cites no authority for the proposition that they could be required to do so.  Reliance cites *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.* (2002) 100 Cal.App.4th 193, 199, for the proposition that an insurer may be joined in a suit when insurance issues are "inextricably intertwined" with liability issues.  That case, however, involved a first party insurance claim, which the court contrasted with the general rule that an insurer may not be joined with its insured in a case involving third party liability.  (*Id.* at p. 200.)  Moreover, Reliance alleges no facts suggesting coverage in this case was inextricably intertwined with liability issues.

Reliance also suggests that because Nationwide and Scottsdale have provided a defense to IntelliLUM and Brown, it has demonstrated that they issued an insurance policy or policies that obligate them to indemnify IntelliLUM and Brown for Reliance's claims.  To the extent this point is relevant, we disagree.  The duty to defend is broader than the duty to indemnify and defending an action is not the same as admitting an obligation to indemnify.  (*Scottsdale Ins. Co. v. MV Transp.* (2005) 36 Cal.4th 643, 657; *Buss v. Superior Court* (1997) 16 Cal.4th 35, 46.)

14

H. *Bankruptcy Order That Action Against Insurers Does Not Violate Stay*

The order of the bankruptcy court allowing Reliance to pursue the insurance proceeds without violating the automatic bankruptcy stay does not authorize the current action.  While it allows Reliance to proceed directly against the insurers to the extent authorized by law, it does not purport to independently authorize an action in state court which state court does not allow.

I. *Conclusion*

The trial court did not err in sustaining the demurrer to the SAC and did not abuse its discretion in doing so without leave to amend.  Reliance has not made any showing, either in the trial court or on appeal, that it could amend the second amended complaint to state facts sufficient to constitute a cause of action.  Given our ruling, we need not address the elements of the causes of action individually.

### III.    DISPOSITION

The judgment is affirmed.  Costs to respondents.

15

_____
                    NEEDHAM, J.

We concur.

_____
SIMONS, Acting P. J.

_____
BURNS, J.

*Reliance Steel & Aluminum Co. v. IntelliLUM, Inc.* / A157239